**Nos. 2015-1944, -1945, -1946**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

WI-FI ONE, LLC,

*Appellant,*

v.

BROADCOM CORPORATION,

*Appellee.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00601, IPR2013-00602, IPR2013-00636

## SUPPLEMENTAL BRIEF FOR APPELLEE
## BROADCOM CORPORATION

DOMINIC E. MASSA
KATIE M. SAXTON
KEVIN A. GOLDMAN
ZACHARY P. PICCOLOMINI
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*Attorneys for Appellee Broadcom Corporation*

July 25, 2016

# CERTIFICATE OF INTEREST

Counsel for Appellee Broadcom Corporation certifies the following:

1.     The full name of every party or *amicus* represented by us is:

Broadcom Corporation

2.     The names of the real party in interest represented by us is:

Broadcom Corporation

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Broadcom Corporation is a wholly-owned subsidiary of BC Luxembourg S.à.r.l., which is a wholly-owned subsidiary of Avago Technologies Acquisition Holding Pte. Ltd., which is a wholly-owned subsidiary of Avago Technologies Cayman Finance Limited, which is a wholly-owned subsidiary of Avago Technologies Cayman Holdings Limited, which is a wholly-owned subsidiary of Broadcom Cayman L.P., of which Broadcom Limited is the sole general partner. Broadcom Limited is a publicly traded company, and we do not believe that any publicly held corporation owns more than 10% of Broadcom Limited's shares.

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

WILMER CUTLER PICKERING HALE AND DORR LLP: Dominic E. Massa, Katie M. Saxton, Kevin A. Goldman, Zachary P. Piccolomini, Michael A. Diener (former)

Dated: July 25, 2016

/s/ Dominic E. Massa
Dominic E. Massa
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

- i -

**TABLE OF CONTENTS**

Page

CERTIFICATE OF INTEREST ...................................................................... i

TABLE OF AUTHORITIES ......................................................................... iii

INTRODUCTION ...................................................................................... 1

ARGUMENT ............................................................................................ 2

I.    *CUOZZO* CONFIRMS THAT *ACHATES* WAS CORRECTLY DECIDED
      AND REMAINS CONTROLLING PRECEDENT. ...................................... 2

II.   *CUOZZO* CONFIRMS THAT THIS COURT LACKS JURISDICTION TO
      CONSIDER WI-FI ONE'S CHALLENGES TO THE BOARD'S SECTION
      315(B) DETERMINATION. ............................................................... 7

      A.    Section 314(d) Bars Wi-Fi One's Challenges To The
            Board's Discovery Ruling and Privity Assessment. .......................... 7

      B.    Section 314(d) Bars Wi-Fi One's Claims Under The
            APA. .................................................................................... 8

      C.    Wi-Fi One Is Not Entitled To The Extraordinary Remedy
            Of Mandamus. ...................................................................... 10

CONCLUSION ....................................................................................... 10

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Achates Reference Publishing, Inc. v. Apple Inc.*,
803 F.3d 652 (Fed. Cir. 2015) .................................................................*passim*

*Allied Chemical Corp. v. Daiflon, Inc.*,
449 U.S. 33 (1980) ........................................................................................ 10

*Block v. Community Nutrition Institute*,
467 U.S. 340 (1984) ................................................................................... 9, 10

*Califano v. Sanders*,
430 U.S. 99 (1977) ...........................................................................................9

*Consumer Watchdog v. Wisconsin Alumni Research Foundation*,
753 F.3d 1258 (Fed. Cir. 2014) ......................................................................6

*Cuozzo Speed Technologies, LLC v. Lee*,
579 U.S. __, 136 S. Ct. 2131 (2016) ......................................................*passim*

*Harmonic Inc. v. Avid Technology, Inc.*,
815 F.3d 1356 (Fed. Cir. 2016) ......................................................................3

*Henderson ex rel. Henderson v. Shinseki*,
562 U.S. 428 (2011) ........................................................................................6

*In re Cuozzo Speed Technologies, LLC*,
793 F.3d 1268 (Fed. Cir. 2015) ......................................................................4

*Pregis Corp. v. Kappos*,
700 F.3d 1348 (Fed. Cir. 2012) ......................................................................9

*Sebelius v. Auburn Regional Medical Center*,
133 S.Ct. 817 (2013) ....................................................................................6-7

*Trudeau v. Federal Trade Commission*,
456 F.3d 178 (D.C. Cir. 2006) ........................................................................9

*Versata Development Group, Inc. v. SAP America, Inc.*,
793 F.3d 1306 (Fed. Cir. 2015) ......................................................................4

# STATUTES AND REGULATIONS

5 U.S.C. § 701(a) ...............................................................................................9

35 U.S.C.
    § 311(a) ...................................................................................................6
    § 314(d) ...........................................................................................*passim*
    § 315(b) ...........................................................................................*passim*
    § 316(a)(5) .............................................................................................7
    § 317(a) ...................................................................................................6
    § 319 .......................................................................................................9

37 C.F.R. § 42.51(b)(2)(i) .................................................................................7

Office Patent Trial Practice Guide
    77 Fed. Reg. 48,756 (Aug. 14, 2012) ....................................................8

## INTRODUCTION

The Supreme Court's decision in *Cuozzo Speed Technologies, LLC v. Lee*, 579 U.S. __, 136 S. Ct. 2131 (2016), confirms that *Achates Reference Publishing, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015) correctly held that Section 314(d) deprives this Court of jurisdiction to reconsider the Board's decision to institute inter partes review ("IPR") based on its assessment of the Section 315(b) time-bar. In *Cuozzo*, the patent holder alleged, when challenging a final written decision invalidating several patent claims, that the Board improperly initiated IPR because the petition did not comply with certain statutory requirements. *Cuozzo*, 136 S. Ct. at 2139. The Supreme Court held that Section 314(d) barred the appeal after the challenged claims were already invalidated because "the legal issue is an ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute inter partes review." *Id.* Wi-Fi One's alleged errors regarding the Board's decision to institute review in this case are precisely the sort of "ordinary dispute" that *Cuozzo* and *Achates* held are non-appealable under Section 314(d).

*Cuozzo*, moreover, distinguished these non-appealable determinations from certain "shenanigans" that may be appealable, such as constitutional violations or patent cancellations on grounds such as indefiniteness that are outside the scope of permissible bases for invalidating patents in IPR. *Id.* at 2141-42. This Court

- 1 -

recognized and addressed that principle in *Achates*, holding that a Section 315(b) challenge does not fall within the "implicit and narrow exception" to Section 314(d) permitting judicial review for "claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate." *Achates*, 803 F.3d at 658-59 (internal quotation marks omitted). *Achates* is thus fully consistent with *Cuozzo* and remains controlling precedent.

## ARGUMENT

### I.    *CUOZZO* CONFIRMS THAT *ACHATES* WAS CORRECTLY DECIDED AND REMAINS CONTROLLING PRECEDENT.

Section 314 of the America Invents Act ("AIA") states that "[t]he determination by the Director whether to institute an inter partes review under this section shall be ***final and nonappealable***." 35 U.S.C. § 314(d).[1] *Cuozzo* confirms that *Achates* correctly held that Section 314(d) bars challenges to the Board's decision on institution based on its assessment of the Section 315(b) time-bar after the challenged claims have been found invalid in a final written decision.

*Cuozzo* reflects this Court's framework in *Achates* for distinguishing between appealable and non-appealable institution determinations when the Board has found in a final written decision that the challenged claims are invalid. *Cuozzo* held that Section 314(d) deprives this Court of jurisdiction to consider "an ordinary dispute about the application of certain relevant patent statutes concerning the

---

[1] Except as otherwise noted, each emphasis in this brief is added.

Patent Office's decision to institute inter partes review." *Cuozzo*, 136 S. Ct. at 2139. *Cuozzo* confirmed that, after the Board issues a final written decision invalidating the claims, Section 314(d) precludes challenges not only to the Board's initial determination that a patent claim is likely invalid, but more broadly applies "where the grounds for attacking the decision to institute inter partes review consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review." *Id.* at 2141. In contrast to those non-appealable decisions, *Cuozzo* noted that its holding did not "categorically preclude review of a final decision" with respect to an alleged constitutional violation or an allegation that the Board cancelled a patent on a basis (such as indefiniteness) that fell outside of the Board's authority to invalidate in an IPR. *Id.*

*Achates* applied that same framework to hold that Section 315(b) determinations are not appealable after the Board has issued a final written decision holding claims unpatentable. The Court recognized that, like the failure to comply with the statutory requirements in *Cuozzo*, a timeliness challenge is an ordinary dispute about statutory application related to the Board's decision on institution and therefore non-appealable after that institution has led to a final written decision on the merits. *Achates*, 803 F.3d at 657-59; *see also Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1365-66 (Fed. Cir. 2016) (explaining that

- 3 -

Section 314(d) applies to the decisions that are closely tied together in the "institution phase" where the Board must determine whether to institute IPR based on its initial assessment of the merits of the petition as well as the Section 315(b) time-bar). The Court further explained that these types of alleged errors are non-appealable because a "proper petition" that complied with the statute could have been filed, e.g., by another petitioner or by the same petitioner on an earlier date. *Achates*, 803 F.3d at 657; *see also In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1274 (Fed. Cir. 2015) ("The fact that the petition was defective is irrelevant because a proper petition could have been drafted.").

In contrast to these non-appealable determinations, *Achates* identified several categories of decisions that may be appealed. *First*, the Court noted that it retains jurisdiction to hear claims that the Board acted outside of its "authority to invalidate"—for example, that the Board cancelled a patent in a "covered business method review" even though the patent was not directed to a covered business method. *Achates*, 803 F.3d at 657; *see also Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1314 (Fed. Cir. 2015). The Court explained that no "proper petition" could ever bring such an act within the Board's authority. *Achates*, 803 F.3d at 657. *Cuozzo* similarly stated that a claim that the Board erred by cancelling a patent on an impermissible ground such as indefiniteness may be appealable. *Cuozzo*, 136 S. Ct. at 2141-42. *Second*, *Achates* recognized that there is an

exception to Section 314(d) permitting judicial review for "claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate." *Achates*, 803 F.3d at 658 (internal quotation marks omitted). *Cuozzo* similarly noted that reviewing courts may "set aside agency action that is contrary to constitutional right, in excess of statutory jurisdiction, or arbitrary [and] capricious"). *Cuozzo*, 136 S. Ct. at 2142 (internal quotation marks omitted). Consistent with *Cuozzo*, this Court explained that a challenge to the Board's assessment of the Section 315(b) time-bar does not fall within this "implicit and narrow exception" because it is merely a "statutory interpretation dispute[]" that "fall[s] outside this exception for *ultra vires* agency action." *Achates*, 803 F.3d at 658; *see Cuozzo*, 136 S. Ct. at 2139 (explaining that Section 314(d) bars review of "an ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute inter partes review").[2]

*Achates*, moreover, adheres to *Cuozzo*'s directive that Section 314(d) be interpreted in light of Congress's intent to provide the Board with broad authority to reconsider its earlier patent grants and cancel improperly issued claims. *Cuozzo*,

---

[2] Notably, the Supreme Court never disputed Justice Alito's contention in his partial dissent that, under *Cuozzo*'s interpretation of Section 314(d), when the Board issues a final written decision invalidating patent claims, courts are "powerless" to review the Board's initial determination that the petition was timely filed. *See Cuozzo,* 136 S. Ct. at 2141-42; *id.* at 2154-55 (Alito, J., concurring-in-part and dissenting-in-part).

136 S. Ct. at 2139-40.  To further that goal, Congress granted parties without constitutional standing the right to petition for IPR.  35 U.S.C. § 311(a); *see also Cuozzo*, 136 S. Ct. at 2143-44; *Consumer Watchdog v. Wisconsin Alumni Research Found.*, 753 F.3d 1258, 1261-62 (Fed. Cir. 2014).  Additionally,  once the Board determines that there is a reasonable likelihood  that a patent claim is invalid, Congress provided that the Board may continue its review even if the petitioner drops out of the proceedings.  35 U.S.C. § 317(a); *Cuozzo*, 136 S. Ct. at 2140. *Cuozzo* explained that "[w]e doubt that Congress would have granted the Patent Office this authority … if it had thought that the agency's final decision could be unwound under some minor statutory technicality related to its preliminary decision to institute inter partes review." *Cuozzo*, 136 S. Ct. at 2140.  Applying that principle, *Achates* held that the Section 315(b) time-bar is precisely the sort of statutory technicality that Congress intended to shield from appellate review in order to further its overall goal of eliminating invalid patents, explaining that it is merely a "filing deadline[]" that "seeks to promote the orderly progress of litigation by requiring  that the parties take certain procedural steps at certain specified times" and not a substantive limit on the Board's invalidation authority. *Achates*, 803 F.3d at 659 (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)) (brackets in original removed); *see also id.* ("filing deadlines ordinarily are not jurisdictional") (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 133

- 6 -

S. Ct. 817, 825 (2013)).  Thus, *Achates* correctly concluded that the Board's initial assessment of the Section 315(b) time-bar may not be challenged on appeal after the Board has invalidated the claims on the merits.

## II.  *CUOZZO* CONFIRMS THAT THIS COURT LACKS JURISDICTION TO CONSIDER WI-FI ONE'S CHALLENGES TO THE BOARD'S SECTION 315(B) DETERMINATION.

### A.  Section 314(d) Bars Wi-Fi One's Challenges To The Board's Discovery Ruling and Privity Assessment.

*Cuozzo* confirms that, consistent with *Achates*, this Court lacks jurisdiction to consider Wi-Fi One's allegations of error with respect to the Board's decision on institution.  Wi-Fi One's principal argument is that the Board erred in denying Wi-Fi One's motion for additional discovery related to Broadcom's alleged privity with the Texas Defendants.  Br. 35-38.[3]  The Board provided a detailed analysis— addressing the AIA, the PTO's regulations promulgated pursuant to the AIA, court decisions addressing indemnity agreements and privity, and the Board's own prior decisions—to explain its conclusion that Wi-Fi One "has not met its burden of demonstrating that additional discovery is in the interests of justice."  A77-90; *see also* 35 U.S.C. § 316(a)(5) ("[D]iscovery shall be limited to … what is otherwise necessary in the interest of justice."); 37 C.F.R. § 42.51(b)(2)(i) ("The moving

---

[3] The parties' arguments regarding *Achates* are identical in the three co-pending appeals.  The citations herein refer to Wi-Fi One's Opening Brief ("Br."), Broadcom's Responsive Brief ("Resp. Br."), and the Joint Appendix in Appeal No. 2015-1944.

party must show that such additional discovery is in the interests of justice."). The Board's decision is correct on the merits, *see* Resp. Br. 44-48, but regardless, Section 314(d) bars review of such an "ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute inter partes review." *Cuozzo*, 136 S. Ct. at 2139.

Wi-Fi One also argues that the Board did not correctly apply its own "broad and flexible legal standard" in assessing whether Broadcom was in privity with the Texas Defendants, or alternatively that the Board failed to provide a reasoned explanation for its decision. Br. 31-35; *see also* 77 Fed. Reg. 48,756, 48,759-60 (Aug. 14, 2012) (describing the Board's practice of applying "traditional common-law principles" to conduct "highly fact-dependent," "case-by-case" assessments of whether a petitioner is a "real party-in-interest" or "privy"). Once again, Wi-Fi One is incorrect—the Board repeatedly articulated its rationale, *see* A77-90, A101-06, A8-9, A272-77, and its decision is correct on the merits, *see* Resp. Br. 42-44—but this is yet another "mine-run claim … involving the Patent Office's decision to institute inter partes review" that is not appealable. *Cuozzo*, 136 S. Ct. at 2136.

## B.    Section 314(d) Bars Wi-Fi One's Claims Under The APA.

*Cuozzo* does not disturb the conclusion that Section 314(d) deprives this Court of jurisdiction to consider Wi-Fi One's collateral attack on the Board's decision on institution via the Administrative Procedure Act ("APA"). The APA

- 8 -

does not apply "to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a); *see also Block v. Community Nutrition Inst.*, 467 U.S. 340, 345 (1984); *Pregis Corp. v. Kappos*, 700 F.3d 1348, 1356 (Fed. Cir. 2012). "The APA … is **not a jurisdiction-conferring statute**." *Trudeau v. Federal Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006; *see also Califano v. Sanders*, 430 U.S. 99, 107 (1977) ("[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action.").

In *Cuozzo*, the Supreme Court noted that constitutional violations and comparable "shenanigans" by the Board "may be properly reviewable in the context of § 319 and under the Administrative Procedure Act." *Cuozzo*, 136 S. Ct. at 2141-42. By referencing Section 319—which confers appellate jurisdiction over final written decisions—the Supreme Court made clear that it was not overturning decades of precedent holding that the APA does not confer any "cause of action to the extent the relevant statute 'preclude[s] judicial review.'" *Block*, 467 U.S. at 345 (quoting 5 U.S.C. § 701(a)). Indeed, *Cuozzo* relied on *Block* to hold that the "'clear and convincing' indications" of Congress's intent with respect to Section 314(d) overcame any presumption of judicial review of the patent holder's challenge to the decision on institution after the Board issued a final written decision invalidating the challenged claims. *Cuozzo*, 136 S. Ct. at 2140-41

(quoting *Block*, 467 U.S. at 350).  Thus, because Section 314(d) bars appellate review of the Board's institution decisions in this case, this Court lacks jurisdiction to consider Wi-Fi One's collateral challenges to those decisions under the APA.

## C.     Wi-Fi One Is Not Entitled To The Extraordinary Remedy Of Mandamus.

*Cuozzo* also confirms that Wi-Fi One is not entitled to the "extraordinary" and "drastic" remedy of mandamus.  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).  *Cuozzo* recognized that a patent holder has no right to an improperly issued patent, regardless of whether a particular IPR petition complied with the statutory formalities.  *Cuozzo*, 136 S. Ct. at 2139-40.  Moreover, the Board's well-supported decisions here do not remotely approach the "shenanigans" that *Cuozzo* indicated might warrant judicial review.  *See id*. at 2141-42.  Thus, Wi-Fi One cannot establish a "clear and indisputable" right to any relief from the Board's decisions on institution, as is required for mandamus.  *Allied Chem.*, 449 U.S. at 35.

## CONCLUSION

This Court should reject Wi-Fi One's challenges to the Board's decisions to institute the underlying IPRs and decide the appeals on the merits.

Respectfully submitted,

/s/ Dominic E. Massa
DOMINIC E. MASSA
KATIE M. SAXTON

- 10 -

KEVIN A. GOLDMAN
ZACHARY P. PICCOLOMINI
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*Attorneys for Appellee Broadcom
Corporation*

July 25, 2016

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of July, 2016 I filed the foregoing Supplemental Brief for Appellee Broadcom Corporation with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ Dominic E. Massa
DOMINIC E. MASSA
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000