**No. 15-1945**

_____

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

_____


**WI-FI ONE, LLC,**

*Appellant,*

v.

**BROADCOM CORPORATION,**

*Appellee.*

_____

2015-1944, 2015-1945, 2015-1946

_____


Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in
IPR2013-00601, IPR2013-00602, IPR2013-00636

_____


**WI-FI ONE, LLC'S COMBINED PETITION FOR
REHEARING *EN BANC* AND PANEL REHEARING**

_____

G. Donald Puckett
NELSON BUMGARDNER PC
3131 West 7th Street, Ste. 300
Fort Worth, Texas 79107
(817) 377-9111

Douglas A. Cawley
MCKOOL SMITH, P.C.
300 Crescent Court, Ste. 1500
Dallas, TX 75201
(214) 978-4972

Peter J. Ayers
LEE & HAYES, PLLC
11501 Alterra Parkway, Ste. 450
Austin, TX 78758
(512) 605-0252

*Attorneys for Appellant Wi-Fi One, LLC*

_____

# CERTIFICATE OF INTEREST

Counsel for the Appellant, Wi-Fi One, LLC, certifies the following:

The full name of every party or amicus represented by me is:

**Wi-Fi One, LLC**

The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

**Wi-Fi One, LLC**

All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

**Wi-Fi One, LLC is 100% owned by Optis Wi-Fi Holdings, LLC.**

The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this Court are:

**LEE & HAYES, PLLC**
Peter Ayers
J. Christopher Lynch
John Shumaker

**NELSON BUMGARDNER, P.C.**
Donald Puckett

**SKIERMONT DERBY LLP (formerly SKIERMONT PUCKETT LLP)**
Steven Joseph Udick
Sarah E. Spires

**MCKOOL SMITH, P.C.**
Douglas A. Cawley

i

Dated:  October 17, 2016                 Respectfully submitted,


/s/ Donald Puckett
G. Donald Puckett
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111 (telephone)
(817) 377-3485  (facsimile)
puckett@nelbum.com

Douglas A. Cawley
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
(214) 978-4972 (telephone)
(214) 978-4044 (facsimile)
dcawley@mckoolsmith.com

Peter J. Ayers
LEE & HAYES PLLC
11501 Alterra Parkway, Suite 450
Austin, TX 78758
(512) 605-0252 (telephone)
(512) 605-0252 (facsimile)
peter@leehayes.com

*Attorneys for Appellant,*
*Wi-Fi One, LLC*

# TABLE OF CONTENTS

*Page*

CERTIFICATE OF INTEREST ..................................................................................i

STATEMENT OF COUNSEL – FEDERAL CIRCUIT RULE 35(B)(2) ................1

I.   INTRODUCTION AND STATEMENT OF THE CASE.................................3

II.  POINTS OF LAW OR FACT OVERLOOKED OR
     MISAPPREHENDED BY THE PANEL ........................................................6

III. ARGUMENT ..................................................................................................9

     A.   The Court Should Grant Rehearing *En Banc* to Decide Important
          Legal Issues of First Impression Following the Supreme Court's
          Recent *Cuozzo* Decision ....................................................................9

     B.   The Court Should Grant Rehearing *En Banc* or Panel Rehearing to
          Address Issues the Panel Overlooked or Misapprehended ......................13

IV.  CONCLUSION ...............................................................................................15

ADDENDUM

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

*Page(s)*

## Cases:

*Abbot Labs., Inc. v. Gardner,*
    387 U.S. 136 (1967)................................................................1-2, 11-12

*Achates Reference Publishing, Inc. v. Apple Inc.,*
    803 F.3d 652 (Fed. Cir. 2015) ..................................................... *passim*

*Bowen v. Michigan Academy of Family Physicians,*
    476 U.S. 667 (1986)................................................................1-2, 11-12

*Click-to-Call Technologies, LP v. Oracle Corp.,*
    Federal Circuit Case No. 15-242, Dkt. 71 .................................... 3, 7, 9

*Cuozzo Speed Tech's, LLC v. Lee,*
    136 S.Ct. 2131 (2016).................................................................. *passim*

*Leedom v. Kyne,*
    358 U.S. 184 (1958)...................................................................... 1-2

*Lindahl v. Office of Personnel Mgmt.,*
    470 U.S. 768 (1984)...................................................................... 1-2

*Mach Mining, LLC v. E.E.O.C.,*
    135 S.Ct. 1645 (2015)............................................................ 1, 11-12

*Reilly v. Office of Personnel Mgmt.,*
    571 F.3d 1372 (Fed. Cir. 2009) ............................................. 1-2, 8, 12

*Shaw Indust. Group, Inc. v. Automated Creel Sys., Inc.,*
    817 F.3d 1293 (Fed. Cir. 2016) ...................................................... 13

**Statutes:**

Administrative Procedure Act, 5 U.S.C. §§551-559 ........................................ *passim*

5 U.S.C. §§706(2)(A)-(D)................................................................................. 15

35 U.S.C. §312 ............................................................................................. 9-10

35 U.S.C. §314 ........................................................................................ *passim*

35 U.S.C. §315(b) .................................................................................... *passim*

35 U.S.C. §319 ................................................................................................ 11

**STATEMENT OF COUNSEL - FEDERAL CIRCUIT RULE 35(B)(2)**

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent-setting questions of exceptional importance:

1.    Following a final written decision of the Patent Trial and Appeal Board ("PTAB"), may a party appeal the PTAB's determination as to whether the *Inter Partes* Review ("IPR") petition was time-barred pursuant to 35 U.S.C. §315(b)?

2.    Following a final written decision of the PTAB, may a party on appeal raise points of error asserting that the PTAB violated provisions of the Administrative Procedure Act ("APA") in connection with the PTAB's determination as to whether the IPR petition was time-barred pursuant to 35 U.S.C. §315(b)?

3.    Did the United States Supreme Court's decision in *Cuozzo Speed Tech's, LLC v. Lee*, 136 S.Ct. 2131 (2016) overrule or modify the Federal Circuit's holding in *Achates Reference Publishing, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015)?

Based on my professional judgment, I believe the panel decision is contrary to the following decisions of the Supreme Court of the United States and precedents of this court: *Cuozzo Speed Technologies, LLC v. Lee*, 136 S.Ct. 2131 (2016); *Mach Mining, LLC v. E.E.O.C.*, 135 S.Ct. 1645 (2015); *Bowen v. Michigan*

1

*Academy of Family Physicians*, 476 U.S. 667 (1986); *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768 (1984); *Abbot Labs., Inc. v. Gardner*, 387 U.S. 136 (1967); *Leedom v. Kyne*, 358 U.S. 184 (1958); and *Reilly v. Office of Personnel Mgmt.*, 571 F.3d 1372 (Fed. Cir. 2009).


Dated: October 17, 2016

   */s/ Donald Puckett*
Donald Puckett
ATTORNEY OF RECORD FOR APPELLANT

2

## I.  INTRODUCTION AND STATEMENT OF THE CASE

This case[1] presents the first opportunity for the *en banc* court to consider the scope and application of 35 U.S.C. §314(d) following the Supreme Court's decision addressing §314(d) in *Cuozzo Speed Technologies, LLC v. Lee*, 136 S.Ct. 2131 (2016). In *Cuozzo*, the Supreme Court found that §314(d) precluded appellate review of certain arguments raised on appeal, but expressly limited its holding to the particular appellate points raised in that case. The court provided guidance on other types of appellate arguments that would not be precluded by §314(d), and left it for this court (in the first instance) to decide, on a case-by-case basis, the scope and application of §314(d) to other appellate issues – such as the §315(b) time-bar and administrative procedure issues that Wi-Fi One raised in this appeal. *See, e.g., Click-to-Call Technologies, LP v. Oracle Corp.*, Federal Circuit Case No. 15-242, Dkt. 71 (in case involving application of §314(d) to the PTAB's determination under §315(b), Supreme Court vacated Federal Circuit's opinion and remanded with instructions to reconsider in light of *Cuozzo*).

---

[1] Wi-Fi One files an identical Petition for Rehearing in three separate appellate cases involving the same parties: Case Nos. 2015-1944; 2015-1945; and 2015-1946. Each case involves a separate appeal from a different IPR proceeding before the PTAB. The three appeals have not been consolidated; but the briefing schedule was coordinated, and all three appeals were addressed at a single oral argument. The issues presented in the present Petition for Rehearing are identical in all three cases. For convenience and consistency in this Petition, all citations to the briefs of the parties will refer to the briefs filed in Case No. 2015-1944.

The facts of this case are quite unusual because of the egregiousness of the PTAB's handling of the §315(b) issue. Broadcom was never sued in district court for infringement of the patent at issue in the IPR below, but several of Broadcom's customers were. At the time Broadcom filed the instant IPR petition, those customers were barred from filing a petition of their own due to the statutory time-bar under 35 U.S.C. §315(b). *See* Opening Br. at 5-6. The ultimate legal issue presented to the PTAB was whether Broadcom also was subject to the time-bar because one or more of the district court defendants was a "real party in interest" or "privy" of Broadcom under §315(b).

The PTAB frequently considers the application of §315(b) in similar situations. The twist in this case, however, is that there is a known indemnity agreement between Broadcom and one or more of the time-barred parties. It is known to exist because the document was produced to Wi-Fi One in the district court litigation, but under a confidentiality designation that precludes Wi-Fi One from submitting the indemnity agreement to the PTAB in the proceeding below. *See* Opening Br. at 6-8.

Wi-Fi One has made every conceivable effort to put the indemnity agreement into the evidentiary record of this case. Wi-Fi One asked the district court for relief from the protective order, but the request was denied. Wi-Fi One sought permission from the PTAB to obtain the known indemnity agreement

through PTAB discovery, but the request was denied. Wi-Fi One sought mandamus relief from this court, but the request was denied. Broadcom opposed Wi-Fi One's efforts at every turn – despite the fact that Wi-Fi One's district court litigation counsel already has a copy of the document, and Broadcom would incur no expense in producing the document in this case. *See* Opening Br. at 8-9.

The PTAB below denied Wi-Fi One's discovery requests with the absurd circular reasoning that Wi-Fi One was not entitled to the requested discovery because Wi-Fi One did not prove that Broadcom filed the IPR petition pursuant to an indemnity agreement. *See* Opening Br. at 36-37. The PTAB provided a reasoned written decision on Wi-Fi One's discovery motion; but it never provided a reasoned decision on the §315(b) issue, instead merely incorporating by reference its decision on the discovery motion. *See* Opening Br. at 38-41. Thus, the Board's "decision" on the §315(b) issue (to the extent it was decided at all) was done with a purposeful disregard of the known indemnity agreement between Broadcom and certain district court defendants – likely the most relevant evidence on the §315(b) issue.

The panel below made no mention of the unusual procedural aspects of this case. On the §314(d) issue, the panel's opinion is essentially limited to its finding *Cuozzo* did not overrule *Achates Reference Publ'g, Inc. v. Apple, Inc.*, 803 F.3d 652 (Fed. Cir. 2015) and that *Achates* should not be reconsidered. The panel

overlooked Wi-Fi One's arguments that the PTAB below violated provisions of the Administrative Procedure Act ("APA") and administrative law for failing to consider the complete evidentiary record, denying Wi-Fi One the opportunity to present evidence contrary to the PTAB's findings, and failing to provide a reasoned written decision on the §315(b) issue.

Rehearing of this appeal is required to correct the panel's erroneous decision, to decide important issues of law in light of *Cuozzo*, and to consider arguments that Wi-Fi One raised in this appeal, but that were misapprehended and overlooked by the panel.

## II. POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED BY THE PANEL

Pursuant to Federal Circuit Rules 36(e)(3)(F) and 40(a)(4), Wi-Fi One provides this statement of points of law or fact that were overlooked or misapprehended by the court in its panel decision.

1.    The panel misapprehended the effect of the United States Supreme Court's decision in *Cuozzo Speed Tech's, LLC v. Lee*, 136 S.Ct. 2131 (2016) when it held that "[w]e see nothing in the *Cuozzo* decision that suggests *Achates* has been overruled." *See* Panel Op. at 8. The panel's quoted language from *Cuozzo*, however, omits the language immediately following, in which the Supreme Court emphasized that §314(d) is a limitation on appeals of the PTAB's institution

6

decisions *"under this section"* (i.e. §314). *See Cuozzo*, 136 S.Ct. at 2141 (emphasis in original).

2.    The panel overlooked the fact that the Supreme Court, by issuing a "grant-vacate-remand" order in another case, indicated that this court should review *Achates* and decide whether it was overruled or modified by *Cuozzo*, as discussed in Wi-Fi One's Supplemental Brief. *See* Wi-Fi One Supp Br. at 4-5 (discussing the *Click-to-Call* case).

3.    The panel overlooked Wi-Fi One's arguments that the panel can and should reconsider *Achates* because the *Achates* decision did not properly frame the legal issue (as demonstrated by *Cuozzo*) and because *Achates* did not consider the relevant Supreme Court authorities on this issue. *See* Opening Br. at 27-30; Reply Br. at 9-12; Wi-Fi One Supp. Br. at 5-6. The panel declined to reconsider *Achates*, apart from its finding that *Cuozzo* did not directly overrule *Achates*. *See* Panel Op. at 6, fn.1.

4.    The panel overlooked Wi-Fi One's arguments that the facts of the present case are distinguishable from the facts of *Achates*. Wi-Fi One argued that, unlike *Achates*, the PTAB panel below refused to consider the most relevant evidence – a known indemnity agreement – or to even allow the agreement to be made a part of the record. *See* Reply Br. at 2-6. Wi-Fi One also argued that this case is distinguishable from *Achates* because the PTAB panel below did not render

7

a reasoned written decision on the §315(b) issue. *See id.* at 6-8. The panel's decision did not address these arguments at all. The panel was incorrect to state that "Wi-Fi One does not dispute that *Achates* renders its challenge to the Board's timeliness ruling nonappealable if *Achates* is good law." Panel Op. at 6.

5.      The panel overlooked or misapprehended the import of prior Federal Circuit decisions preserving the rights of parties to appeal agency actions that involve critical legal errors or serious procedural violations, notwithstanding statutory limits on appeal. *See* Opening Br. at 25-27 and 30-31 (discussing *Reilly v. Office of Personnel Mgmt.*). This argument was not addressed by the panel.

6.      The panel overlooked Wi-Fi One's arguments that the PTAB violated various requirements of the APA. *See* Opening Br. at 37 (PTAB's refusal to consider known relevant evidence violates 5 U.S.C. §556(d)); *id.* at 37-38 (PTAB's complete denial of discovery, on the facts of this case, violated 5 U.S.C. §556(e)); *id.* at 38-41 (PTAB's failure to provide a reasoned written decision on the §315(b) time-bar issue was an arbitrary and capricious agency action). The panel opinion did not consider whether such issues are appealable, and did not consider the substantive merits of these appellate points.

## III.    ARGUMENT

**A.    The Court Should Grant Rehearing *En Banc* to Decide Important Legal Issues of First Impression Following the Supreme Court's Recent *Cuozzo* Decision.**

Shortly after deciding *Cuozzo*, the Supreme Court vacated an opinion of this court that had relied upon *Achates* to preclude review of the §315(b) time-bar issue, and remanded the case for reconsideration by this court in light of *Cuozzo*. *See Click-to-Call*, Federal Circuit Case No. 15-242, Dkt. 71.

The panel decision in this case effectively decided this issue, holding that *Cuozzo* did not overrule or modify *Achates. See* Panel Op. at 8. Judge Reyna filed a concurring opinion disagreeing with the panel's holding that *Achates* is still good law, and urging *en banc* reconsideration of *Achates*. *See* Panel Op. Concurrence at 1-3. This case presents the first opportunity for the court *en banc* to consider the proper scope and application of §314(d) post-*Cuozzo*, and specifically to decide §314(d)'s application to the §315(b) time-bar issue.

In *Cuozzo*, the Supreme Court considered the purpose and scope of 35 U.S.C §314(d) and concluded that the statute precluded appeal of "the kind of mine-run claim at issue here, involving the Patent Office's decision to institute inter partes review." *Cuozzo*, 136 S.Ct. at 2136. The specific appellate arguments at issue in *Cuozzo* were whether the PTAB had made a proper institution decision under §314(d), in light of Cuozzo's assertion that the petition lacked the "particularity"

9

required by 35 U.S.C. §312. *See id.* at 2142 ("In this case, Cuozzo's claim that Garmin's petition was not pleaded 'with particularity' under §312 is little more than a challenge to the Patent Office's conclusion under §314(a), that the 'information presented in the petition' warranted review.").

In *Cuozzo*, the Supreme Court expressly limited its holding to the facts of that case, and left it for this court to decide (in the first instance at least) the proper application of §314(d) to other IPR appellate issues, such as the §315(b) time-bar issue, in light of the guidance provided by *Cuozzo*:

> [W]e emphasize that our interpretation applies where the grounds for attacking the decision to institute inter partes review consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review. See §314(d) (barring appeals of "determinations . . . to initiate an inter partes review *under this section*" (emphasis added)). This means that we need not, and do not, decide the precise effect of §314(d) on appeals that implicate constitutional questions, that depend on other less closely related statutes, or that present other questions of interpretation that reach, in terms of scope and impact, well beyond "this section."

*Cuozzo*, 136 S.Ct. at 2141 (emphasis added in original).

The *Cuozzo* court provided further guidance by providing an example list of appellate issues related to the PTAB's institution decisions that would not be barred by §314(d), including: (1) constitutional issues, such as a denial of due process, (2) arguments that the agency acted outside of its statutory limits, (3) arguments related to statutes that are less closely related to §314, and (4) other "shenanigans" that are properly reviewable under 35 U.S.C. §319 or the APA. *See id.* at 2141-42.

In light of *Cuozzo,* it can now be seen that the *Achates* court did not properly frame the issue. The *Achates* decision was premised upon the court's finding that §315(b) is not "jurisdictional." *See Achates*, 803 F.3d at 657. Under the *Cuozzo* framework, the jurisdictional/nonjurisdictional distinction is irrelevant. Instead, whether a particular appellate point is barred by §314(d) depends on whether the appellate point is a "mine-run" argument "closely related" to the PTAB's institution decisions under §314, or alternatively whether the argument falls into one of the other categories of exceptions to §314(d) identified by the *Cuozzo* court. *See* Wi-Fi One Supp. Br. at 4-6.

Moreover, *Cuozzo* demonstrates that *Achates* did not consider the applicable Supreme Court authorities in connection with its decision to preclude all review of the PTAB's §315(b) determinations. The *Achates* court did not consider the strong presumption of reviewability of agency action under the APA, or related Supreme

Court cases such as *Mach Mining, LLC v. E.E.O.C.*, 135 S.Ct. 1645; *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667 (1986); *Abbott Labs., Inc. v. Gardner*, 387 U.S. 136 (1967); and others. *See* Wi-Fi One Supp. Br. at 5-6.

The *Achates* decision also did not consider prior decisions of this court that preserved appellate review of agency action involving critical legal errors or serious procedural violations, such as *Reilly v. Office of Personnel Mgmt.*, 571 F.3d 1372 (Fed. Cir. 2009). Wi-Fi One urged the panel to consider such cases. *See* Opening Br. at 25-27 and 30-31. The panel opinion, however, did not consider these cases or Wi-Fi One's argument.

For all of the foregoing reasons, the court should reconsider the viability of the *Achates* holding, which has been rendered particularly suspect in light of *Cuozzo*. Because of the importance of this issue, Wi-Fi One respectfully urges *en banc* review. As eloquently stated by Judge Reyna, the time-bar issue is not a "mine run" claim - it is wholly unrelated to the PTAB's institution decision under §314(a). It is a statutory directive with which the Board must comply, and it is part of the statutory basis upon which the PTAB's final decision rests. *See* Panel Op., Concurrence at 3. Yet *"Achates* renders §315(b) toothless. For example, if the Board simply chose to ignore a time bar issue altogether, there would be no avenue for appellate review." *Id.,* Concurrence at 2.

12

Additionally, apart from the §315(b) time-bar issue, the Patent Office has consistently taken a broad view of §314(d) generally, in an effort to preclude any appellate review of many issues that are not "closely related" to the PTAB's institution decisions under §314(d). *See, e.g. Shaw Indust. Group, Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1303 (Fed. Cir. 2016) (Reyna concurring, discussing the USPTO's "claim to unchecked discretionary authority" in deciding whether to deny a petition on grounds of redundancy). *En banc* review in this case would be the court's first opportunity to provide guidance *en banc* to practitioners and the USPTO on the proper scope of §314(d) following *Cuozzo*.

**B.    The Court Should Grant Rehearing *En Banc* or Panel Rehearing to Address Issues the Panel Overlooked or Misapprehended.**

Wi-Fi One raised several arguments on appeal that were simply overlooked or misapprehended by the panel decision. In both its Opening Brief and its Reply, Wi-Fi One emphasized that it was not simply appealing the PTAB's §315(b) determination or the PTAB's discovery rulings. Wi-Fi One also raised procedural points of error related to the PTAB's *refusal to consider* a known indemnity agreement (the most relevant evidence on the "real party in interest or privy" issue under §315(b)), the PTAB's denial of all discovery on this issue, and the PTAB's failure to provide a reasoned written decision on the §315(b) issue. *See* Opening Br. at 36-38; Reply Br. at 5-6. The panel overlooked all of these arguments.

13

Wi-Fi One also argued that the present case is factually distinguishable from *Achates* for two reasons. First, in *Achates*, the PTAB considered all known relevant evidence, whereas in this case the PTAB refused to consider a known indemnity agreement that likely was the most important evidence on the issue. *See* Reply Br. at 2-6. Second, in *Achates,* the PTAB issued a reasoned written decision on the §315(b) issue, whereas in this case the PTAB did not. *See* Reply Br. at 6-8. The panel overlooked these arguments and did not address them in its opinion. The panel was incorrect to state that "Wi-Fi One does not dispute that *Achates* renders its challenge to the Board's timeliness ruling nonappealable if *Achates* is good law." Panel Op. at 6. To the contrary, Wi-Fi One made arguments that this case is factually distinguishable from *Achates*; and the panel overlooked these arguments.

Additionally, Wi-Fi One raised appellate points under the APA that were overlooked by the panel. Wi-Fi One argued that the PTAB's refusal to consider the known indemnity agreement violated the PTAB's obligation to consider the full evidentiary record under 5 U.S.C. §556(d). *See* Opening Br. at 37. Wi-Fi One argued that the PTAB's denial of all discovery on this issue violated Wi-Fi One's right to present evidence contrary to the PTAB's findings under 5 U.S.C. §556(e). *Id.* at 37-38. Wi-Fi One also argued that the PTAB's failure to provide a reasoned written decision was arbitrary and capricious, contrary to administrative law requirements. *Id.* at 38-41. The panel overlooked these arguments altogether.

14

In *Cuozzo*, the Supreme Court expressly recognized that the APA creates appellate jurisdiction for this court to consider certain points of error, notwithstanding §314(d). *See Cuozzo*, 136 S.Ct. at 2141-42 (citing 5 U.S.C. §§706(2)(A)-(D)). The panel, however, did not consider whether any of Wi-Fi One's APA arguments are reviewable; and it did not consider the merits of these arguments. Rehearing *en banc* or panel rehearing should be granted so the court can consider and resolve Wi-Fi One's appellate arguments that were overlooked by the panel.

### IV.    CONCLUSION

For the foregoing reasons, Wi-Fi One requests the court grant rehearing *en banc* or a panel rehearing of this case, vacate the panel opinion, and rehear this appeal.

Dated: October 17, 2016                Respectfully submitted,


                                       */s/ Donald Puckett*
                                       _____

                                       G. Donald Puckett
                                       NELSON BUMGARDNER PC
                                       3131 West 7th Street, Suite 300
                                       Fort Worth, Texas 76107
                                       (817) 377-9111 (telephone)
                                       (817) 377-3485 (facsimile)
                                       puckett@nelbum.com

                                       Peter J. Ayers
                                       LEE & HAYES PLLC
                                       11501 Alterra Parkway, Suite 450
                                       Austin, TX 78758
                                       (512) 605-0252 (telephone)
                                       (512) 605-0269 (facsimile)
                                       peter@leehayes.com

                                       Douglas A. Cawley
                                       MCKOOL SMITH, P.C.
                                       300 Crescent Court, Suite 1500
                                       Dallas, TX 75201
                                       (214) 978-4972 (telephone)
                                       (214) 978-4044 (facsimile)
                                       dcawley@mckoolsmith.com

                                       Attorneys for Appellant,
                                       Wi-Fi One, LLC

16

# ADDENDUM

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**WI-FI ONE, LLC,**
*Appellant*

v.

**BROADCOM CORPORATION,**
*Appellee*

---

2015-1945

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00602.

---

## JUDGMENT

---

DOUGLAS AARON CAWLEY, McKool Smith, PC, Dallas, TX, argued for appellant. Also represented by DONALD PUCKETT, Nelson Bumgardner PC, Fort Worth, TX; PETER J. AYERS, Lee & Hayes, PLLC, Austin, TX.

KEVIN GOLDMAN, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for appellee. Also represented by DOMINIC E. MASSA, ZACHARY PICCOLOMINI, KATIE SAXTON.

---

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:


PER CURIAM (DYK, BRYSON, and REYNA, *Circuit Judges*).

**AFFIRMED.  *See* Fed. Cir. R. 36.**

ENTERED BY ORDER OF THE COURT


| September 16, 2016 | /s/ Peter R. Marksteiner |
|---|---|
| Date | Peter R. Marksteiner |
| | Clerk of Court |

## CERTIFICATE OF SERVICE

I, Robyn Cocho being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by NELSON BUMGARDNER PC, attorneys for Appellant to print this document. I am an employee of Counsel Press.

On **October 17, 2016** counsel has authorized me to electronically file the foregoing **Combined Petition for Rehearing *En Banc* and Panel Rehearing**, with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

Dominic E. Massa, Esq.
Kevin Goldman, Esq.
Zachary Piccolomini, Esq.
Katie Saxton, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLLP
60 State Street
Boston, MA 02109
617-526-6000
Dominic.massa@wilmerhale.com
Kevin.goldman@wilmerhale.com
Zachary.piccolomini@wilmerhale.com
Kate.saxton@wilmerhale.com

Paper copies will also be mailed to the above principal counsel at the time paper copies are sent to the Court.

Additionally, eighteen paper copies will be filed with the Court within the time provided in the Court's rules.

/s/ Robyn Cocho
Counsel Press