**Nos. 2015-1944, -1945, -1946**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

WI-FI ONE, LLC,

*Appellant*,

v.

BROADCOM CORPORATION,

*Appellee.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00601, IPR2013-00602, IPR2013-00636

**APPELLEE BROADCOM CORPORATION'S RESPONSE TO APPELLANT WI-FI ONE, LLC'S COMBINED PETITION FOR REHEARING EN BANC AND PANEL REHEARING**

DOMINIC E. MASSA
KATIE M. SAXTON
KEVIN A. GOLDMAN
ZACHARY P. PICCOLOMINI
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*Attorneys for Appellee Broadcom Corporation*

November 18, 2016

## CERTIFICATE OF INTEREST

Counsel for Appellee Broadcom Corporation certifies the following:

1.      The full name of every party or *amicus* represented by us is:

Broadcom Corporation

2.      The names of the real party in interest represented by us is:

Broadcom Corporation

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

> Broadcom Corporation is a wholly-owned subsidiary of BC Luxembourg S.à.r.l., which is a wholly-owned subsidiary of Avago Technologies Acquisition Holding Pte. Ltd., which is a wholly-owned subsidiary of Avago Technologies Cayman Finance Limited, which is a wholly-owned subsidiary of Avago Technologies Cayman Holdings Limited, which is a wholly-owned subsidiary of Broadcom Cayman L.P., of which Broadcom Limited is the sole general partner. Broadcom Limited is a publicly traded company, and we do not believe that any publicly held corporation owns more than 10% of Broadcom Limited's shares.

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

> WILMER CUTLER PICKERING HALE AND DORR LLP:  Dominic E. Massa, Katie M. Saxton, Kevin A. Goldman, Zachary P. Piccolomini, Michael A. Diener (former)

Dated:  November 18, 2016

/s/ Dominic E. Massa
Dominic E. Massa
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

- i -

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTEREST ................................................................... i

TABLE OF AUTHORITIES ..................................................................... iii

INTRODUCTION ................................................................................... 1

THE PANEL'S DECISION DOES NOT WARRANT REHEARING
    OR REHEARING EN BANC ............................................................ 4

    A.    *Cuozzo* Confirms That *Achates* Was Correctly Decided ...................... 4

    B.    Wi-Fi One's Arguments For Overturning Or
    Distinguishing *Achates* Are Meritless.................................................. 9

    C.    Section 314(d) Bars Wi-Fi One's Claims Under The
    APA ..................................................................................................... 13

    D.    Wi-Fi One Improperly Seeks Rehearing On Issues Not
    Before The Court ............................................................................... 15

CONCLUSION ..................................................................................... 15

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Abbott Laboratories v. Gardner*,
387 U.S. 136 (1967)......................................................................................11

*Achates Reference Publishing, Inc. v. Apple Inc.*,
803 F.3d 652 (Fed. Cir. 2015) .................................................................*passim*

*Block v. Community Nutrition Institute*,
467 U.S. 340 (1984)................................................................................14, 15

*Bowen v. Michigan Academy of Family Physicians*,
476 U.S. 667 (1986).....................................................................................11

*Califano v. Sanders*,
430 U.S. 99 (1977)........................................................................................14

*Click-to-Call Technologies, LP v. Oracle Corp.*,
622 F. App'x 907 (Fed. Cir. 2015) ............................................................. 9-10

*Click-to-Call Technologies, LP v. Oracle Corp.*,
136 S. Ct. 2508 (2016)..................................................................................10

*Click-to-Call Technologies, LP v. Oracle Corp.*,
No. 2015-1242, slip op. (Fed. Cir. Nov. 17, 2016)............................................10

*Consumer Watchdog v. Wisconsin Alumni Research Foundation*,
753 F.3d 1258 (Fed. Cir. 2014) ......................................................................8

*Cuozzo Speed Technologies, LLC v. Lee*,
579 U.S. __, 136 S. Ct. 2131 (2016)..........................................................*passim*

*Harmonic Inc. v. Avid Technology, Inc.*,
815 F.3d 1356 (Fed. Cir. 2016) .......................................................................6

*Henderson ex rel. Henderson v. Shinseki*,
562 U.S. 428 (2011).................................................................................9, 12

*Hughes Aircraft Co. v. United States*,
140 F.3d 1470 (Fed. Cir. 1998) .....................................................................10

*Husky Injection Molding Systems Ltd. v. Athena Automation Ltd.*,
    838 F.3d 1236 (Fed. Cir. 2016) ...................................................................2, 9

*In re Cuozzo Speed Technologies, LLC*,
    793 F.3d 1268 (Fed. Cir. 2015) ........................................................................6

*Leedom v. Kyne*,
    358 U.S. 184 (1958)........................................................................................11

*Lindahl v. Office of Personnel Management*,
    470 U.S. 768 (1985)........................................................................................11

*Mach Mining, LLC v. Equal Employment Opportunity Commission*,
    135 S. Ct. 1645 (2015).....................................................................................11

*Medtronic, Inc. v. Robert Bosch Healthcare Systems, Inc.*,
    Nos. 15-1977, -1986, -1987, __ F.3d __, 2016 WL 6123900 (Fed.
    Cir. Oct. 20 2016) .........................................................................................2, 9

*Pregis Corp. v. Kappos*,
    700 F.3d 1348 (Fed. Cir. 2012) ......................................................................14

*Reilly v. Office of Personnel Management*,
    571 F.3d 1372 (Fed. Cir. 2009) ......................................................................10

*Sebelius v. Auburn Regional Medical Center*,
    133 S. Ct. 817 (2013)......................................................................................12

*Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*,
    817 F.3d 1293 (Fed. Cir. 2016) ......................................................................15

*Trudeau v. Federal Trade Commission*,
    456 F.3d 178 (D.C. Cir. 2006)........................................................................14

*Versata Development Group, Inc. v. SAP America, Inc.*,
    793 F.3d 1306 (Fed. Cir. 2015) ........................................................................7

*Wi-Fi One, LLC v. Broadcom Corporation*,
    837 F.3d 1329 (Fed. Cir. 2016) .................................................................2, 3, 9

## STATUTES AND REGULATIONS

5 U.S.C. § 701(a) .................................................................................................14

35 U.S.C.

 § 311(a) ...................................................................................................8

 § 311(c) ...................................................................................................8

 § 314(d) ...........................................................................................*passim*

 § 315(b)............................................................................................*passim*

 § 316(a)(5) .............................................................................................3

 § 317(a) ...................................................................................................8

37 C.F.R. § 42.51(b)(2)(i) .......................................................................3

## INTRODUCTION

Wi-Fi One seeks to resurrect its invalidated patents by asking the Court to find that Broadcom's IPR petitions were not timely filed in accordance with 35 U.S.C. § 315(b).  Pet. 3-6.[1]  But there is no basis for the Court to reverse its precedent holding that, after the Patent Trial and Appeal Board ("the Board") has issued a final written decision invalidating a challenged patent, the Court lacks jurisdiction to review the Board's Section 315(b) determination.  To the contrary, the Supreme Court's decision in *Cuozzo Speed Technologies, LLC v. Lee*, 579 U.S. __, 136 S. Ct. 2131 (2016), confirms that *Achates Reference Publishing, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015) correctly held that 35 U.S.C. § 314(d) deprives this Court of jurisdiction to reconsider the Board's decision to institute IPR based on its assessment of the Section 315(b) time-bar.

In *Cuozzo*, the patent holder alleged that the Board improperly initiated IPR because the petition did not comply with certain statutory requirements.  *Cuozzo*, 136 S. Ct. at 2139.  The Supreme Court held that Section 314(d) barred the appeal after the challenged claims were already invalidated because "the legal dispute at issue is an ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute inter partes review."  *Id*.  Wi-Fi

---

[1] Wi-Fi One filed identical petitions for rehearing in the three co-pending appeals, Case Nos. 2015-1944, 2015-1945, and 2015-1946.  The citations herein refer to the briefs and the Joint Appendix in Appeal No. 2015-1944.

One's alleged errors regarding the Board's decisions to institute review are precisely the sort of "ordinary dispute" that *Cuozzo* and *Achates* held are non-appealable.

*Cuozzo*, moreover, distinguished these non-appealable determinations from certain "shenanigans" that may be appealable, such as constitutional violations or patent cancellations on grounds such as indefiniteness that are outside the scope of permissible bases for invalidating patents in IPR. *Id.* at 2141-2142. This Court recognized and addressed that principle in *Achates*, holding that a Section 315(b) challenge does not fall within the "implicit and narrow exception" to Section 314(d) permitting judicial review for "claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate." *Achates*, 803 F.3d at 658-659 (internal quotation marks omitted). Thus, as the panel majority held, *Cuozzo* demonstrates that this Court correctly decided *Achates*. *Wi-Fi One, LLC v. Broadcom Corp.*, 837 F.3d 1329, 1333-1335 (Fed. Cir. 2016); *see also Husky Injection Molding Sys. Ltd. v. Athena Automation Ltd.*, 838 F.3d 1236, 1244-1245 (Fed. Cir. 2016) (expanding on *Wi-Fi One*'s holding that *Achates* was decided correctly); *Medtronic, Inc. v. Robert Bosch Healthcare Sys., Inc.*, Nos. 15-1977, -1986, -1987, __ F.3d __, 2016 WL 6123900, at *2 (Fed. Cir. Oct. 20 2016) (denying petition for rehearing) (same).

Furthermore, Wi-Fi One's appeal is based on the highly fact-specific, discretionary discovery rulings by the Board, making this case particularly ill-suited to rehearing en banc.  Wi-Fi One's underlying argument is that the Board erred in its Section 315(b) determination because it denied Wi-Fi One's motion for "additional discovery" (i.e., discovery beyond the normal scope of discovery in IPR proceedings) related to Broadcom's alleged privity with the defendants in Wi-Fi One's litigation in the Eastern District of Texas.  Pet. 4-5.  But in fact, the Board carefully reviewed Wi-Fi One's discovery requests (A77-79), the statute, legislative history, regulations, and prior Board decisions regarding requests for "additional discovery" (A79-80), the statute, regulations, and court decisions regarding privity (A80-84), and the arguments and facts asserted by Wi-Fi One (A84-88), and concluded that Wi-Fi One "has not met its burden of demonstrating that additional discovery is in the interests of justice."  A90; *see also* 35 U.S.C. § 316(a)(5) ("[D]iscovery shall be limited to … what is otherwise necessary in the interest of justice."); 37 C.F.R. § 42.51(b)(2)(i) ("The moving party must show that such additional discovery is in the interests of justice.").[2]  The Board's decision is

---

[2] Wi-Fi One's petition makes repeated references to a "known indemnity agreement" between Broadcom and one or more of the defendants in the Texas litigation. *See, e.g.*, Pet. 4-5.  But information that Broadcom produced under seal demonstrates that this is irrelevant. *See* Br. 13-14, 47-48; A69; A868-869 (¶¶2-5). The Board did not detail Broadcom's confidential evidence in its decision because it determined that Wi-Fi One's motion should be denied with or without that evidence.  A79 n.3 ("After review of the un-redacted materials, the Board

correct on the merits, *see* Resp. Br. 44-48, but regardless, Section 314(d) bars

review of such a "mine-run claim … involving the Patent Office's decision to

institute inter partes review." *Cuozzo*, 136 S. Ct. at 2136. As the panel majority

explained, "[t]he Board simply declined to grant discovery because Wi-Fi had not

made a sufficient showing to support its request. To hold that such a ruling falls

within the narrow exception to the Supreme Court's unreviewability holding would

render routine procedural orders reviewable, contrary to the entire thrust of the

*Cuozzo* decision." *Wi-Fi One*, 837 F.3d at 1334-1335.

Wi-Fi One's petitions for rehearing should be denied.

## THE PANEL'S DECISION DOES NOT WARRANT REHEARING OR REHEARING EN BANC

### A.     *Cuozzo* Confirms That *Achates* Was Correctly Decided

Section 314 of the America Invents Act ("AIA") states that "[t]he

determination by the Director whether to institute an inter partes review under this

section shall be ***final and nonappealable***." 35 U.S.C. § 314(d).[3] *Cuozzo* confirms

that *Achates* correctly held that Section 314(d) bars challenges to the Board's

decision on institution based on its assessment of the Section 315(b) time-bar after

the challenged claims have been found invalid.

---

determines that they do not alter the outcome."); A90 (denying motion "[a]fter
weighing … the redacted information and arguments presented by [Wi-Fi One] and
Broadcom that remain under seal").

[3] Except as otherwise noted, each emphasis in this brief is added.

*Cuozzo* reflects this Court's framework in *Achates* for distinguishing between appealable and non-appealable determinations under Section 314(d). *Cuozzo* held that Section 314(d) deprives this Court of jurisdiction to consider "an ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute inter partes review." *Cuozzo*, 136 S. Ct. at 2139. *Cuozzo* confirmed that, after the Board issues a final written decision invalidating one or more patent claims, Section 314(d) precludes challenges not only to the Board's initial determination that a claim is likely invalid, but more broadly "where the grounds for attacking the decision to institute inter partes review consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review." *Id.* at 2141. The Board's determination under Section 315(b) is plainly one "closely tied" to its decision to initiate inter partes review, as the very language of Section 315(b) defines the circumstances in which "inter partes review may not be instituted." 35 U.S.C. § 315(b). In contrast to those non-appealable decisions, *Cuozzo* noted that its holding did not "categorically preclude review of a final decision" with respect to an alleged constitutional violation or an allegation that the Board cancelled a patent on a basis (such as indefiniteness) that fell outside of the Board's authority to invalidate in an IPR. *Id*.

*Achates* applied that same framework to hold that Section 315(b) determinations are not appealable after the Board has issued a final written decision holding claims unpatentable.  The Court recognized that, like the failure to comply with the statutory requirements in *Cuozzo*, a timeliness challenge is an ordinary dispute about statutory application related to the Board's decision on institution and therefore non-appealable after that institution has led to a final written decision on the merits.  *Achates*, 803 F.3d at 657-659; *see also Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1365-1366 (Fed. Cir. 2016) (explaining that Section 314(d) applies to the decisions that are closely tied together in the "institution phase" where the Board must determine whether to institute IPR based on its initial assessment of the merits of the petition as well as the Section 315(b) time-bar).  The Court further explained that these types of alleged errors are non-appealable because a "proper petition" that complied with the statute could have been filed, e.g., by another petitioner or by the same petitioner on an earlier date.  *Achates*, 803 F.3d at 657; *see also In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1274 (Fed. Cir. 2015) ("The fact that the petition was defective is irrelevant because a proper petition could have been drafted.").

In contrast to these non-appealable determinations, *Achates* identified several categories of decisions that may be appealed.  First, the Court noted that it retains jurisdiction to hear claims that the Board acted outside of its "authority to

invalidate"—for example, that the Board cancelled a patent in a "covered business method review" even though the patent was not directed to a covered business method. *Achates*, 803 F.3d at 657; *see also Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1314 (Fed. Cir. 2015). The Court explained that no "proper petition" could ever bring such an act within the Board's authority. *Achates*, 803 F.3d at 657. *Cuozzo* similarly stated that a claim that the Board erred by cancelling a patent on an impermissible ground such as indefiniteness may be appealable. *Cuozzo*, 136 S. Ct. at 2141-2142. Here, it is undisputed that a proper petition could have been, and could still be, filed on the very same grounds raised by Broadcom by any other non-timed-barred party. Second, *Achates* recognized that there is an exception to Section 314(d) permitting judicial review for "claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate." *Achates*, 803 F.3d at 658 (internal quotation marks omitted). *Cuozzo* similarly noted that reviewing courts may "set aside agency action that is contrary to constitutional right, in excess of statutory jurisdiction, or arbitrary [and] capricious." *Cuozzo*, 136 S. Ct. at 2142 (internal quotation marks omitted). Consistent with *Cuozzo*, this Court explained that a challenge to the Board's assessment of the Section 315(b) time-bar does not fall within this "implicit and narrow exception" because it is merely a "statutory interpretation dispute[]" that "fall[s] outside this exception for *ultra vires* agency action." *Achates*, 803 F.3d at

658; *see Cuozzo*, 136 S. Ct. at 2139 (explaining that Section 314(d) bars review of "an ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute inter partes review").[4]

*Achates*, moreover, adheres to *Cuozzo*'s directive that Section 314(d) be interpreted in light of Congress's intent to provide the Board with broad authority to reconsider its earlier patent grants and cancel improperly issued claims. *Cuozzo*, 136 S. Ct. at 2139-2140. To further that goal, Congress granted parties without constitutional standing the right to petition for IPR. 35 U.S.C. § 311(a); *see also Cuozzo*, 136 S. Ct. at 2143-2144; *Consumer Watchdog v. Wisconsin Alumni Research Found.*, 753 F.3d 1258, 1261-1262 (Fed. Cir. 2014). Additionally, once the Board determines that there is a reasonable likelihood that a patent claim is invalid, Congress provided that the Board may continue its review even if the petitioner drops out of the proceedings.[5] 35 U.S.C. § 317(a); *Cuozzo*, 136 S. Ct. at 2140. *Cuozzo* explained that "[w]e doubt that Congress would have granted the Patent Office this authority … if it had thought that the agency's final decision

---

[4] Notably, the Supreme Court never disputed Justice Alito's contention in his partial dissent that, under *Cuozzo*'s interpretation of Section 314(d), when the Board issues a final written decision invalidating patent claims, courts are "powerless" to review the Board's initial determination that the petition was timely filed. *See Cuozzo,* 136 S. Ct. at 2141-2142; *id.* at 2154-2155 (Alito, J., concurring-in-part and dissenting-in-part).

[5] Congress further provided that even a time-barred party may join an instituted IPR. 35 U.S.C. § 311(c).

could be unwound under some minor statutory technicality related to its preliminary decision to institute inter partes review." *Cuozzo*, 136 S. Ct. at 2140. Applying that principle, *Achates* held that the Section 315(b) time-bar is precisely the sort of statutory technicality that Congress intended to shield from appellate review in order to further its overall goal of eliminating invalid patents, explaining that it is merely a "filing deadline[]" that "seeks to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times" and not a substantive limit on the Board's invalidation authority. *Achates*, 803 F.3d at 659 (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)) (brackets in original removed). Thus, *Achates* correctly concluded that the Board's initial assessment of the Section 315(b) time-bar may not be challenged on appeal after the Board has invalidated the claims on the merits. *See Wi-Fi One*, 837 F.3d at 1333-1335 (Fed. Cir. 2016); *Husky Injection Molding Sys. Ltd.*, 838 F.3d at 1244-1245; *Medtronic, Inc.*, 2016 WL 6123900, at *2.

**B.    Wi-Fi One's Arguments For Overturning Or Distinguishing *Achates* Are Meritless**

Wi-Fi One asks this Court to overturn or distinguish *Achates* on various grounds. But as set forth below, Wi-Fi One's arguments are without merit.

First, Wi-Fi One asserts that the panel failed to consider the Supreme Court's decision to vacate and remand this Court's decision in *Click-to-Call*

*Technologies, LP v. Oracle Corp.*, 622 F. App'x 907 (Fed. Cir. 2015), which addressed issues similar to *Achates*. Pet. 7, 9. But the Supreme Court simply entered a one-sentence "grant-vacate-remand" order instructing this Court to further consider *Click-to-Call* in light of *Cuozzo*. *Click-to-Call Techs., LP v. Oracle Corp.*, 136 S. Ct. 2508 (2016). As this Court has explained, "[v]acatur and remand by the Supreme Court … does not create an implication that the lower court should change its prior determination." *Hughes Aircraft Co. v. United States*, 140 F.3d 1470, 1473 (Fed. Cir. 1998). The Court recently issued its opinion on remand, holding that *Achates* remains good law, with two judges filing concurring opinions suggesting that the Court reconsider *Achates* en banc for reasons similar to those advanced by Wi-Fi One. *Click-to-Call Techs., LP v. Oracle Corp.*, No. 2015-1242, slip op. 5 (Fed. Cir. Nov. 17, 2016); *id.* at 6 (O'Malley, J., concurring); *id.* at 11 (Taranto, J., concurring). But as discussed above, the Supreme Court's *Cuozzo* decision demonstrates that *Achates* was decided correctly, and this case would be a poor vehicle for reconsidering the issue in any event.

Second, Wi-Fi One asserts that *Achates* is inconsistent with this Court's prior decision in *Reilly v. Office of Personnel Management*, 571 F.3d 1372 (Fed. Cir. 2009). Pet. 8, 12. The Supreme Court, however, rejected essentially the same argument in *Cuozzo*. *Reilly* concerned a provision in the Civil Service Retirement Act that limited certain appeals. *Reilly*, 571 F.3d at 1376-1377. The Supreme

- 10 -

Court interpreted that provision in *Lindahl v. Office of Personnel Management*, 470 U.S. 768 (1985), and this Court applied the Supreme Court's *Lindahl* decision in *Reilly*. *Reilly*, 571 F.3d at 1377. In *Cuozzo*, the patent holder asserted that the Supreme Court's interpretation of the Civil Service Retirement Act in *Lindahl* supported its proposed interpretation of Section 314 of the AIA. The Supreme Court rejected that argument, explaining that its interpretation of the Civil Service Retirement Act in *Lindahl* was irrelevant to its interpretation of the AIA in *Cuozzo* other than the fact that, in both cases, it was interpreting the respective statutes "in accord with Congress' intent." *Cuozzo*, 136 S. Ct. at 2140-2141. Wi-Fi One's assertion that *Achates* is inconsistent with this Court's application of *Lindahl* in *Reilly* is similarly without merit.

Third, Wi-Fi One asserts that *Achates* failed to consider four Supreme Court decisions that pre-date *Cuozzo*. Pet. 11-12. But these cases—which do not concern the interpretation of the America Invents Act—simply reflect that there is a rebuttal presumption in favor of judicial review of agency decisions. *See Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645 (2015) (interpreting Title VII of the Civil Rights Act of 1964); *Bowen v. Michigan Acad. of Family Physicians*, 476 U.S. 667 (1986) (interpreting regulations promulgated under Part B of the Medicare program); *Abbot Labs. v. Gardner*, 387 U.S. 136 (1967) (interpreting the Federal Food, Drug, and Cosmetic Act); *Leedom v. Kyne*, 358 U.S. 184 (1958)

- 11 -

(interpreting the National Labor Relations Act). In *Cuozzo*, the Supreme Court recognized this presumption—and in fact cited *Mach Mining* for this principle— but found that Section 314 of the AIA overcame it in light of Congress's clear intent as expressed in the plain language of the statute. *Cuozzo*, 136 S. Ct. at 2140- 2141 ("Congress has told the *Patent Office* to determine whether inter partes review should proceed, and it has made the agency's decision 'final' and 'nonappealable.' § 314(d). Our conclusion that courts may not revisit this initial determination gives effect to this statutory command." (emphasis in original)).

Fourth, Wi-Fi One asserts that the Court erred in *Achates* by determining that the Section 315 time-bar is "non-jurisdictional" (as opposed to "jurisdictional") rather than assessing whether it was "closely related" to the Board's decision to institute IPR. Pet. 11. But in fact, the Court simply explained that its decision was consistent with Supreme Court precedent holding that similar filing deadlines are non-jurisdictional and thus may be waived:

> [T]he time-bar sets out the procedure for seeking IPR. Indeed, like other "[f]iling deadlines," the IPR time bar here is merely a "rule[ ] that seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435, 131 S. Ct. 1197, 179 L.Ed.2d 159 (2011) (therefore holding that the requirement that a veteran file an appeal within 120–days is not "jurisdictional"); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, —— U.S. ——, 133 S. Ct. 817, 825, 184 L.Ed.2d 627 (2013) ("filing deadlines ordinarily are not jurisdictional").

- 12 -

*Achates*, 803 F.3d at 658.  Nothing in the foregoing passage, or elsewhere in *Achates*, is inconsistent with *Cuozzo* or the panel majority's conclusion that the Board's assessment of the Section 315 time-bar is closely related to the Board's institution decision and therefore "final and nonappealable" under Section 314.  By its very terms, Section 315(b) is not just "closely tied" to the Board's institution decision, it defines the precise circumstances under which IPR may or "may not be instituted."  35 U.S.C. § 315(b).

Finally, Wi-Fi One argues that the facts of this case are distinguishable from the facts of *Achates*.  Pet. 14.  Even setting aside that this type of fact-specific inquiry is not a proper basis for rehearing en banc, Wi-Fi One's argument is plainly incorrect.  *Achates* held that the Board's determination to institute IPR based on its assessment of the Section 315 time-bar is final and non-appealable under Section 314, and that this Court lacks jurisdiction to consider the merits of the Board's discretionary discovery rulings underlying that determination.  Here, Wi-Fi One challenges the Board's determination to institute IPR based on its assessment of the Section 315 time-bar and the merits of its underlying discovery rulings— precisely what *Achates* held this Court lacks jurisdiction to consider.

**C.    Section 314(d) Bars Wi-Fi One's Claims Under The APA**

Wi-Fi One also requests rehearing for the Court to reconsider Wi-Fi One's procedural challenges to the Board's decisions on institution under the

Administrative Procedure Act ("APA").  Pet. 13-15.  According to Wi-Fi One,

*Cuozzo* held that "the APA ***creates appellate jurisdiction*** for this court to consider

certain points of error, notwithstanding §314(d)."  Pet. 15.  But even setting aside

that Wi-Fi One's challenges are baseless, *see* Resp. Br. 42-49, *Cuozzo* does not

alter the well-settled principle that the APA does not confer appellate jurisdiction.

The APA states that it does not apply "to the extent that—(1) statutes

preclude judicial review; or (2) agency action is committed to agency discretion by

law."  5 U.S.C. § 701(a); *see also Block v. Community Nutrition Inst.*, 467 U.S.

340, 345 (1984); *Pregis Corp. v. Kappos*, 700 F.3d 1348, 1356 (Fed. Cir. 2012).

"The APA … is ***not a jurisdiction-conferring statute***."  *Trudeau v. Federal Trade*

*Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006); *see also Califano v. Sanders*, 430

U.S. 99, 107 (1977) ("[T]he APA does not afford an implied grant of subject-

matter jurisdiction permitting federal judicial review of agency action.").

In *Cuozzo*, the Supreme Court noted that constitutional violations and

comparable "shenanigans" by the Board "may be properly reviewable in the

context of § 319 and under the Administrative Procedure Act."  *Cuozzo*, 136 S. Ct.

at 2141-2142.  By referencing Section 319—which confers appellate jurisdiction

over final written decisions—the Supreme Court made clear that it was not

overturning decades of precedent holding that the APA does not confer any "cause

of action to the extent the relevant statute 'preclude[s] judicial review.'"  *Block*,

- 14 -

467 U.S. at 345 (quoting 5 U.S.C. § 701(a)). Indeed, *Cuozzo* relied on *Block* to hold that the "'clear and convincing' indications" of Congress's intent with respect to Section 314(d) overcame any presumption of judicial review of the patent holder's challenge to the decision on institution after the Board issued a final written decision invalidating the challenged claims. *Cuozzo*, 136 S. Ct. at 2140-2141 (quoting *Block*, 467 U.S. at 350). Thus, because Section 314(d) bars appellate review of the Board's institution decisions, this Court lacks jurisdiction to consider Wi-Fi One's collateral challenges to those decisions under the APA.

### D.     Wi-Fi One Improperly Seeks Rehearing On Issues Not Before The Court

Finally, Wi-Fi One asks this Court to rehear the three co-pending appeals en banc in order to opine on the scope of Section 314 more broadly and address how Section 314 applies to the Board's practice of denying IPR petitions on grounds of redundancy. Pet. 13 (citing *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1303 (Fed. Cir. 2016) (Reyna, J., concurring)). That practice is not—and has never been—at issue in any of the three co-pending appeals. This Court should decline Wi-Fi One's invitation to take these cases en banc in order to decide an issue not before it.

### CONCLUSION

Wi-Fi One's petitions for panel rehearing and rehearing en banc should be denied.

- 15 -

Respectfully submitted,

/s/ Dominic E. Massa
DOMINIC E. MASSA
KATIE M. SAXTON
KEVIN A. GOLDMAN
ZACHARY P. PICCOLOMINI
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*Attorneys for Appellee Broadcom Corporation*

November 18, 2016

# CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of November, 2016 I filed the foregoing Appellee Broadcom Corporation's Response to Appellant Wi-Fi One, LLC's Combined Petition for Rehearing En Banc and Panel Rehearing with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ Dominic E. Massa
DOMINIC E. MASSA
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

## CERTIFICATE OF COMPLIANCE

Counsel for Appellee Broadcom Corporation hereby certifies that:

1.      The brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 40(b) because exclusive of the exempted portions it does not exceed 15 double-spaced pages.

2.      The brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word 2010 in a proportionally spaced typeface:  Times New Roman, font size 14 point.

/s/ Dominic E. Massa
DOMINIC E. MASSA
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

November 18, 2016