Nos. 2015-1944, 2015-1945, 2015-1946

---

# United States Court of Appeals for the Federal Circuit

WI-FI ONE, LLC,

Appellant

v.

BROADCOM CORPORATION,

Appellee

MICHELLE K. LEE, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,

Intervenor

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-00601, IPR2013-00602, IPR2013-00636

---

**BRIEF OF AMICUS CURIAE**

**JEREMY COOPER DOERRE**

**IN SUPPORT OF NEITHER PARTY**

---

February 2, 2017

Jeremy Cooper Doerre
jdoerre@ti-law.com
704-248-4883
11325 N. Community House Rd., Ste. 250
Charlotte, NC 28277

## CERTIFICATE OF INTEREST

Counsel for the amicus Jeremy Cooper Doerre certifies the following:

1. The full name of every party or amicus represented by me is:

    Jeremy Cooper Doerre

2. The name of the real party in interest represented by me is:

    Jeremy Cooper Doerre

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    None

Dated: February 2, 2017

Respectfully submitted,

Jeremy Cooper Doerre
jdoerre@ti-law.com
704-248-4883
11325 N. Community House Rd.
Suite 250
Charlotte, NC 28277

# TABLE OF CONTENTS


CERTIFICATE OF INTEREST ........................................................................... i

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES ........................................................................... vi

RULE 29 STATEMENT OF IDENTITY, INTEREST, AND AUTHORITY ..... viii

ARGUMENT .................................................................................................. 1

I. A patent owner should be able to challenge by judicial proceedings the PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b), which underlies the authority of the PTO to institute inter partes review, because "the propriety of a challenge by judicial proceedings of the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers, has been recognized." ........... 1

A. Even if Congress has properly vested decision making authority in the form of inter partes review proceedings in the PTO, a challenge by judicial proceedings should be available for "the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers" to institute inter partes review. .............................. 1

B. The PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) governing the filing of petitions for inter partes review represents a jurisdictional determination underlying the PTO's authority to institute inter partes review because this represents a "jurisdictional fact[] upon which the valid application of the statute depends," and the timeliness requirement is "no less 'jurisdictional'" just because it "forbids … adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed." ............. 4

i. The PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) represents a "jurisdictional fact[] upon which the valid application of the statute depends." ........................................................................ 4

ii. The timeliness requirement of 35 U.S.C. § 315(b) limits the jurisdiction of the PTO and is "no less 'jurisdictional'" just because it "forbids [the PTO] from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed." ........................................................................ 5

iii. Case law opining that filing deadlines and claim processing rules are non-jurisdictional does not change this result, as the case law indicates that the relevant question is whether there is a "'clear' indication that Congress wanted the rule to be 'jurisdictional,'" and the plain language of the timeliness requirement makes clear that Congress intended it to specify a condition under which there is no jurisdiction to institute inter partes review. ....................6

a. The relevant inquiry is not whether the timeliness requirement can be characterized as a filing deadline or a claim processing rule, but whether there is a "'clear' indication that Congress wanted the rule to be 'jurisdictional.'" ....................6

b. The plain language of the timeliness requirement makes clear that Congress intended it to specify a condition under which there is no jurisdiction to institute inter partes review, thus providing a "'clear' indication that Congress wanted the rule to be 'jurisdictional.'" ....................8

c. Case law opining that claim processing rules are non-jurisdictional is inapposite, as the timeliness requirement is not a "'claim-processing rule[]' ... that … require[es] that the parties take certain procedural steps at certain specified times" because rather than speaking to when the parties to a proceeding must take certain steps, it speaks to when the PTO has authority to institute a proceeding. ....................9

d. The *Henderson* Court's holding that "the requirement that a veteran file an appeal within 120-days is not 'jurisdictional'" is inapposite because the language of the statute did not provide a clear indication that Congress intended the relevant rule to be jurisdictional and the factors that led to the conclusion are not applicable. ....10

e. Case law observing that "filing deadlines ordinarily are not jurisdictional" does not change this result, because the relevant inquiry remains whether "there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional,'" and all of the cases cited to support this observation are inapposite. ....................15

iv. The *Achates* court's claim that "the 315(b) time bar does not impact the Board's authority to invalidate a patent claim—it only bars particular petitioners from challenging the claim" is irrelevant to the question of whether the timeliness requirement is a jurisdictional requirement, because it is well settled that a jurisdictional requirement may only apply to bar consideration of a proceeding brought by some persons but not other persons. ....................19

C. Because the PTO's determination that a petitioner satisfied the timeliness requirement represents a jurisdictional determination underlying the PTO's authority to institute inter partes review, and because "the propriety of a challenge by judicial proceedings of the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers, has been recognized," a challenge by judicial proceedings should be available for a patent owner to challenge this determination. ....................21

II. 35 U.S.C. § 314(d) should not be interpreted to bar a patent owner from challenging a PTO determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) because 35 U.S.C. § 314(d) should not be interpreted in a manner that would bar a challenge by judicial proceedings for a question of the constitutional authority of the PTO to institute inter partes review. ....................22

A. The question of whether the PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) was correct is a question of whether the PTO has acted outside the scope of its statutorily granted authority, which is a question of the constitutional authority of the PTO to institute inter partes review. ....................22

B. If possible, 35 U.S.C. 314(d) should be construed in a manner that it does not bar a challenge by judicial proceedings regarding a question of the constitutional authority of the PTO to institute inter partes review. ....................23

C. 35 U.S.C. § 314(d) is amenable to a construction which would not bar a patent owner from challenging a PTO determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b). ....................24

i. A challenge by judicial proceedings of whether a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) does

not represent an appeal of the Director's determination to institute inter partes review, but rather a challenge to the Director's authority to institute inter partes review. ................24

ii. An interpretation in which 35 U.S.C. § 314(d) does not bar a challenge by judicial proceedings of the PTO's conclusion that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) is reinforced by the plain language of 35 U.S.C. § 314(d) itself. ........................................................................26

III. Even if 35 U.S.C. § 314(d) was to be interpreted to bar a challenge by judicial proceedings of the PTO's conclusion that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b), the exception set forth in Leedom v. Kyne would still permit a challenge to "strike down an [institution by the PTO] made in excess of its delegated powers and contrary to a specific prohibition in the [statute]." ....................................................27

IV. Focus on the term "jurisdictional" risks distracting from the issue of whether a challenge by judicial proceedings should be available to challenge whether the PTO acted outside of its statutory authority. .........................................31

CONCLUSION ..........................................................................................32

CERTIFICATE OF COMPLIANCE .........................................................................33

CERTIFICATE OF SERVICE .............................................................................34

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Achates Reference Publishing, Inc. v. Apple Inc.*,
803 F.3d 652 (Fed. Cir. 2015)........................................ 7, 10-11, 19-20, 28-29

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) ..................................................8, 15

*Bowles v. Russell*,
551 U.S. 205 (2007). ......................................................................... 4-6, 11

*Common Cause of PA v. Pennsylvania*,
558 F.3d 249 (3d Cir. 2009)..............................................................................20

*Crowell v. Benson,*
285 U.S. 22 (1932). ................................................................1-5, 21-29, 31-32

*Eberhart v. United States*,
546 U.S. 12 (2005) ..............................................................................................6

*Henderson v. Shinseki*,
562 U.S. 428 (2011) ......................................................................... 6-15

*Honda v. Clark*,
386 U.S. 484 (1967) ............................................................................. 17-19

*Kontrick v. Ryan*,
540 U.S. 443 (2004) ...........................................................................................17

*Leedom v. Kyne*,
358 U.S. 184 (1958) ................................................................ 27-28, 30

*Scarborough v. Principi*,
541 U.S. 401 (2004) ...........................................................................................16

*Sebelius v. Auburn Reg'l Med. Ctr.*,
133 S.Ct. 817 (2013) ........................................................................ 15-16

*Simon v. Eastern Kentucky Welf. Rights. Org.*,
426 U.S. 26 (1976) ........................................................................20

*Thomas v. Union Carbide*,
473 U.S. 568 (1985). ...................................................................... 1-3

**Constitution and Statutes**

The Constitution of the United States, Article III ....................................................1

35 U.S.C. § 314(d) ........................................................................ 26, passim

35 U.S.C. § 315(b) ........................................................................ 9, 12, passim

38 U.S.C. § 7266(a) ........................................................................12

50 U.S.C. App. § 34(f) ........................................................................17

**RULE 29 STATEMENT OF IDENTITY, INTEREST, AND AUTHORITY**

I, Jeremy Cooper Doerre, solely authored this brief. No other person or entity participated in the preparation of this brief or provided any kind of funding in support of this brief.

I have no interest in this case, only in the law.

Under the Court's January 4, 2017 order, neither consent nor leave is required to file.

Dated: February 2, 2017

Jeremy Cooper Doerre
jdoerre@ti-law.com
704-248-4883
11325 N. Community House Rd.
Suite 250
Charlotte, NC 28277

## ARGUMENT

### I. A patent owner should be able to challenge by judicial proceedings the PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b), which underlies the authority of the PTO to institute inter partes review, because "the propriety of a challenge by judicial proceedings of the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers, has been recognized."[1]

#### A. Even if Congress has properly vested decision making authority in the form of inter partes review proceedings in the PTO, a challenge by judicial proceedings should be available for "the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers"[2] to institute inter partes review.

It is well established that Article III's "broad policy that federal judicial power shall be vested in courts whose judges enjoy life tenure and fixed compensation … protect[s] the role of the independent judiciary within the constitutional scheme of tripartite government and assure[s] impartial adjudication in federal courts."[3]

However, in certain circumstances "Congress is not barred from acting pursuant to its powers under Article I to vest decision making authority in tribunals that lack the attributes of Article III courts."[4]

---

[1] *Crowell v. Benson*, 285 U.S. 22, 58 (1932).
[2] *Crowell*, 285 U.S. at 58.
[3] *Thomas v. Union Carbide*, 473 U.S. 568, 582-583 (1985).
[4] *Id.*

The Supreme Court confronted one such circumstance in *Crowell v. Benson*,[5] where "Congress replace[d] a seaman's traditional negligence action in admiralty with a statutory scheme of strict liability … [and] '[t]he findings of [a] deputy commissioner, supported by evidence and within the scope of his authority' were final with respect to injuries to employees within the purview of the statute."[6]

The *Crowell* Court recognized that although the findings of a deputy commissioner may be final within the scope of his authority, there is still the question of whether the findings of the deputy commissioner were indeed within the scope of his authority. The *Crowell* Court characterized it thusly: "[t]he question in the instant case is not whether the deputy commissioner has acted improperly or arbitrarily as shown by the record of his proceedings in the course of administration in cases contemplated by the statute, but whether he has acted in a case to which the statute is inapplicable."[7]

Importantly, the *Crowell* Court made clear that "[t]he question [of] whether [the deputy commissioner] has acted in a case to which the statute is inapplicable"[8] is a question of whether "the deputy commissioner had no jurisdiction of the

---

[5] *Crowell v. Benson*, 285 U.S. 22 (1932).
[6] *Thomas*, 473 U.S. at 586 (citing *Crowell*, 285 U.S. at 46).
[7] *Crowell*, 285 U.S. at 63.
[8] *Id.*

proceedings before him,"[9] which would "deprive them of their effectiveness for any purpose."[10]

This raised the related question of whether a challenge by judicial proceedings is available for such a question as to "jurisdictional facts upon which the valid application of the statute depends."[11]

In reviewing existing precedent, the *Crowell* Court noted that "[e]ven where the subject lies within the general authority of the Congress, the propriety of a challenge by judicial proceedings of the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers, has been recognized."[12] The Court made clear that precedent has established that "matters of this kind, disclosing a want of jurisdiction, may be considered by a court of law."[13]

That is, even when Congress properly "vest[s] decision making authority in [executive officers] that lack[] the attributes of Article III courts,"[14] "the propriety of a challenge by judicial proceedings of the determinations of fact deemed to be

---

[9] *Crowell*, 285 U.S. at 64.
[10] *Id.*
[11] *Crowell*, 285 U.S. at 63.
[12] *Crowell*, 285 U.S. at 58.
[13] *Crowell*, 285 U.S. at 59.
[14] *Thomas*, 473 U.S. at 583.

jurisdictional, as underlying the authority of executive officers, has been recognized."[15]

Analogously, here, even if Congress has properly vested decision making authority in the form of inter partes review proceedings in the PTO, "a challenge by judicial proceedings [should be available for] the determinations of fact deemed to be jurisdictional, as underlying the authority of [the PTO]" to institute inter partes review.[16]

**B. The PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) governing the filing of petitions for inter partes review represents a jurisdictional determination underlying the PTO's authority to institute inter partes review because this represents a "jurisdictional fact[] upon which the valid application of the statute depends,"[17] and the timeliness requirement is "no less 'jurisdictional'" just because it "forbids … adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed."[18]**

**i. The PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) represents a "jurisdictional fact[] upon which the valid application of the statute depends."[19]**

Here, in a situation directly analogous to *Crowell*, the PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b)

[15] *Crowell*, 285 U.S. at 58.
[16] *Id.*
[17] *Crowell*, 285 U.S. at 63.
[18] *Bowles v. Russell*, 551 U.S. 205, 213 (2007).
[19] *Crowell*, 285 U.S. at 63.

governing the filing of petitions for inter partes review represents a jurisdictional determination that underlies the PTO's authority to institute partes review.

The PTO's determination is clearly a jurisdictional determination that underlies the PTO's authority to institute inter partes review because, just as in *Crowell*, this represents a "jurisdictional fact[] upon which the valid application of the statute depends."[20] Instituting inter partes review in contravention of the timeliness requirement would mean acting without statutory authority.

**ii. The timeliness requirement of 35 U.S.C. § 315(b) limits the jurisdiction of the PTO and is "no less 'jurisdictional'" just because it "forbids [the PTO] from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed."[21]**

The Supreme Court has made clear that "[b]ecause Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them."[22]

Analogously, because Congress decides whether the PTO can institute inter partes proceedings at all, it can also determine when, and under what conditions, the PTO can institute them.

---

[20] *Id.*
[21] *Bowles*, 551 U.S. at 213.
[22] *Bowles*, 551 U.S. at 212-213.

The Supreme Court has further made clear that "[j]urisdictional treatment of statutory time limits makes good sense,"[23] and that while "the notion of 'subject-matter jurisdiction obviously extends to classes of cases … falling within a court's adjudicatory authority,' … it is no less 'jurisdictional' when Congress forbids federal courts from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed."[24]

Analogously, the timeliness requirement of 35 U.S.C. § 315(b) limits the subject matter jurisdiction of the PTO and is "no less 'jurisdictional'" just because it "forbids [the PTO] from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed."[25]

**iii. Case law opining that filing deadlines and claim processing rules are non-jurisdictional does not change this result, as the case law indicates that the relevant question is whether there is a "'clear' indication that Congress wanted the rule to be 'jurisdictional,'"[26] and the plain language of the timeliness requirement makes clear that Congress intended it to specify a condition under which there is no jurisdiction to institute inter partes review.**

**a. The relevant inquiry is not whether the timeliness requirement can be characterized as a filing deadline or a claim processing rule, but whether there is a**

---

[23] *Bowles*, 551 U.S. at 212.
[24] *Bowles*, 551 U.S. at 213 (quoting *Eberhart v. United States*, 546 U.S. 12, 16 (2005)).
[25] *Id.*
[26] *Henderson v. Shinseki*, 562 U.S. 428, 436 (2011).

**"'clear' indication that Congress wanted the rule to be 'jurisdictional.'"[27]**

As the question currently presented also touches on whether *Achates Reference Publishing, Inc. v. Apple Inc.*[28] should be overruled, it is worth addressing the comments in the *Achates* opinion regarding this issue.

In its opinion, the *Achates* court characterized the timeliness requirement of 35 U.S.C. § 315(b) as a "filing deadline" and seemed to suggest that the timeliness requirement is not a jurisdictional requirement because "the IPR time bar here is merely a 'rule[] that seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'"[29]

The *Achates* court drew this language from *Henderson v. Shinseki*,[30] which indicated that "[a]mong the types of rules that should not be described as jurisdictional are what we have called 'claim-processing rules' ... that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."[31]

However, in suggesting that the timeliness requirement is not jurisdictional because it is a claim processing rule or a filing deadline, the *Achates* court appears

---

[27] *Henderson*, 562 U.S. at 436.
[28] *Achates Reference Publishing, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015).
[29] *Achates Reference Publishing, Inc.*, 803 F.3d at 658.
[30] *Henderson v. Shinseki*, 562 U.S. 428 (2011).
[31] *Henderson*, 562 U.S. at 435.

to have overlooked the fact that the *Henderson* Court made clear that "the question before us is not quite that simple because Congress is free to attach the conditions that go with the jurisdictional label to a rule that we would prefer to call a claim-processing rule."[32]

The *Henderson* Court emphasized that under *Arbaugh v. Y & H Corp.*[33] the relevant inquiry is to "look to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'"[34] The *Henderson* Court noted that "[t]his approach is suited to capture Congress' likely intent and also provides helpful guidance for courts and litigants, who will be 'duly instructed' regarding a rule's nature."[35]

**b. The plain language of the timeliness requirement makes clear that Congress intended it to specify a condition under which there is no jurisdiction to institute inter partes review, thus providing a "'clear' indication that Congress wanted the rule to be 'jurisdictional.'"[36]**

Here, Congress could have chosen to delineate a filing deadline for a petitioner by specifying that "in order for a petitioner to request inter partes review of a patent for which the petitioner has received a complaint alleging infringement

---

32 *Id.*
33 *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).
34 *Henderson*, 562 U.S. at 435-436.
35 *Henderson*, 562 U.S. at 436.
36 *Id.*

of the patent, the petitioner must file a petition requesting inter partes review of the patent within one year of receiving the complaint." This could be characterized as a filing deadline for a petitioner filing a petition for inter partes review, and would not necessarily provide any clear indication that Congress intended the rule to be jurisdictional.

However, this language is in sharp contrast to the actual language of the timeliness requirement of 35 U.S.C. § 315(b) which, rather than specifying a requirement for a petitioner, instead makes clear a condition under which "inter partes review may not be instituted" under the statute by the PTO.[37]

Thus, rather than crafting a rule that specifies a filing deadline for a petitioner, Congress chose to craft the timeliness requirement to utilize language that clearly specifies a condition under which there is no jurisdiction to institute inter partes review. The fact that the plain language of the statute clearly specifies a condition under which there is no jurisdiction to institute inter partes review provides a "'clear' indication that Congress wanted the rule to be 'jurisdictional.'"[38]

**c. Case law opining that claim processing rules are non-jurisdictional is inapposite, as the timeliness requirement is not a "'claim-processing rule[]' ... that … require[es] that the parties take certain procedural steps at certain specified times" because rather than**

[37] 35 U.S.C. § 315(b).
[38] *Henderson*, 562 U.S. at 436.

**speaking to when the parties to a proceeding must take certain steps, it speaks to when the PTO has authority to institute a proceeding.**

As noted above, the *Achates* court cites language from *Henderson v. Shinseki*[39] and suggests that the timeliness requirement is not a jurisdictional requirement because "the IPR time bar here is merely a 'rule[] that seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'"[40]

However, the plain language of 35 U.S.C. § 315(b) makes clear that the timeliness requirement isn't a timing rule that specifies when parties to an inter partes review proceeding must take certain actions, instead it is a jurisdictional requirement that limits the authority of the PTO to institute an inter partes review proceeding.

This is categorically different in whose actions the rule controls, as the PTO is not a party to an inter partes review proceeding, and is instead the adjudicatory entity tasked with adjudicating inter partes review proceedings (within the limits of its statutory authority).

**d. The *Henderson* Court's holding that "the requirement that a veteran file an appeal within 120-days is not 'jurisdictional'"[41] is inapposite because the language of the statute did not provide a clear indication that**

[39] 562 U.S. 428 (2011).
[40] *Achates Reference Publishing, Inc.*, 803 F.3d at 658.
[41] *Achates Reference Publishing, Inc.*, 803 F.3d at 658.

**Congress intended the relevant rule to be jurisdictional and the factors that led to the conclusion are not applicable.**

The court in *Achates* seems to suggest that its position that the timeliness requirement is not jurisdictional is supported by the *Henderson* Court's holding that "the requirement that a veteran file an appeal within 120-days is not 'jurisdictional.'"[42] However, the ultimate conclusion of Henderson is inapposite here because the language of the statute did not provide a clear indication that Congress intended the relevant rule to be jurisdictional, and the factors that led to the conclusion are not applicable.

*Henderson* concerned a disabled veteran who had missed the 120-day filing deadline for appeal of his Department of Veteran's Affairs ("VA") claim by 15 days.[43] *Henderson* can only be understood in the context of *Bowles v. Russell*,[44] in which it was decided that "the statutory limitation on the length of an extension of the time to file a notice of appeal in an ordinary civil case … is 'jurisdictional.'"[45]

The *Henderson* Court was faced with the question of whether the holding of *Bowles* dictated jurisdictional treatment of the 120-day filing deadline so as to

---

[42] *Id.*
[43] *Henderson*, 562 U.S. at 433.
[44] *Bowles v. Russell*, 551 U.S. 205 (2007).
[45] *Henderson*, 562 U.S. at 433 (citing Bowles, 551 U.S. at 213-214).

undermine "prior Federal Circuit precedent that allowed the equitable tolling of the 120-day deadline," e.g. if illness caused tardy filing.[46]

The statute at issue in *Henderson* was 38 U.S.C. § 7266, which set forth that "[i]n order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed."[47]

Notably, this statute was clearly phrased to specify a requirement for a party to an appeal, that is "a person adversely affected by [a] decision."[48] The statute made clear that such a person must "file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed."[49]

This is in sharp contrast to the timeliness requirement of 35 U.S.C. § 315(b) which, rather than specifying a requirement for a petitioner, instead makes clear a condition under which "inter partes review may not be instituted" under the statute.[50]

---

[46] *Henderson*, 562 U.S. at 433.
[47] 38 U.S.C. § 7266(a).
[48] 38 U.S.C. § 7266(a).
[49] 38 U.S.C. § 7266(a).
[50] 35 U.S.C. § 315(b).

Thus, unlike the present case, *Henderson* concerned language that set forth a requirement for a party wishing to appeal, rather than limiting the jurisdiction of an adjudicatory entity to whom the appeal was directed.

Importantly, this is not a situation where the exact phrasing can be dismissed as unimportant. Instead, this difference in how the statutes are phrased is key because, as noted above, the relevant inquiry is whether there is a "'clear' indication that Congress wanted the rule to be 'jurisdictional.'"[51]

In Henderson, the plain language of the statute did not provide an indication that Congress intended the deadline to be jurisdictional, so the Henderson Court continued to consider other factors.

In particular, in reaching its decision, the *Henderson* Court emphasized the contrast between adversarial civil litigation, where a deadline governing an appeal was construed to be jurisdictional as in *Bowles*, and claim processing before the VA, which is informal and nonadversarial.[52] The *Henderson* Court noted that "[r]igid jurisdictional treatment of the 120-day period for filing a notice of appeal in the Veterans Court would clash sharply with this scheme."[53]

Given this, and "particularly in light of" the "canon that provisions for benefits to members of the Armed Services are to be construed in the beneficiaries'

[51] *Henderson*, 562 U.S. at 436.
[52] *Henderson*, 562 U.S. at 440-441.
[53] *Henderson*, 562 U.S. at 441.

favor," the *Henderson* Court did "not find any clear indication that the 120-day limit was intended to carry the harsh consequences that accompany the jurisdiction tag."[54]

That is, the *Henderson* Court held that a filing deadline for appeal of a VA claim by a disabled veteran was not jurisdictional because Congress did not intend it to "carry the harsh consequence[] that accompany[ies] the jurisdiction tag" of preventing equitable tolling in the case of an illness.[55]

Here, the claim construction canon for members of the Armed Services is not applicable, the circumstances surrounding an inter partes review proceeding much more closely resemble the adversarial fact pattern of *Bowles* than the non-adversarial fact pattern of *Henderson*, and there is not a similar reason for concern regarding harsh consequences that accompany the jurisdiction tag.

As in *Henderson*, the issue is one of congressional intent. However, unlike in *Henderson*, the relevant factors dictate finding the timeliness requirement of § 35 U.S.C. § 315(b) to be jurisdictional, as the plain language of the statute clearly specifies a condition under which there is no jurisdiction to institute inter partes review, which provides a "'clear' indication that Congress wanted the rule to be 'jurisdictional.'"[56]

---

[54] *Henderson*, 562 U.S. at 441.
[55] *Id.*
[56] *Henderson*, 562 U.S. at 436.

**e. Case law observing that "filing deadlines ordinarily are not jurisdictional"[57] does not change this result, because the relevant inquiry remains whether "there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional,'"[58] and all of the cases cited to support this observation are inapposite.**

The *Achates* opinion further cited to *Sebelius v. Auburn Reg'l Med. Ctr.*[59] for the proposition that "filing deadlines ordinarily are not jurisdictional,"[60] and suggests that the timeliness requirement is a "filing deadline" and thus not jurisdictional.

To begin, it is worth noting that the *Sebelius* Court qualified their statement with the term "ordinarily", which indicates that the *Sebelius* Court recognized that it was not setting forth a categorical rule so much as observing that recent decisions concerning filing deadlines had found those filing deadlines to be non-jurisdictional.

Such an observation regarding recent decisions does not change the fact that under *Arbaugh v. Y & H Corp.*[61] the relevant inquiry is to "look to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'"[62]

---

[57] *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S.Ct. 817, 825 (2013).
[58] *Henderson*, 562 U.S. at 435-436.
[59] *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S.Ct. 817 (2013).
[60] *Sebelius*, 133 S.Ct. at 825.
[61] 546 U.S. 500 (2006).
[62] *Henderson*, 562 U.S. at 435-436.

Importantly, all of the recent decisions cited by the Sebelius Court as underlying its observation that "filing deadlines ordinarily are not jurisdictional"[63] are clearly inapposite to the issue at hand.

The first case that was cited was *Henderson*, which has been discussed hereinabove.

The second case, *Scarborough v. Principi*,[64] is inapposite because it dealt only with a filing deadline for proceedings already within a body's adjudicatory authority, and thus it was clear that Congress did not intend the rule to be jurisdictional.

More specifically, in *Scarborough,* it was found that the relevant statute "does not describe what 'classes of cases,' … the CAVC is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority."[65]

This is in sharp contrast to the situation at issue here, where we are dealing not with a deadline in an existing proceeding already within the PTO's adjudicatory authority (e.g. an existing inter partes review proceeding the PTO already has jurisdiction over), but a jurisdictional requirement for the PTO to have jurisdiction to institute an inter partes review proceeding.

---

[63] *Sebelius*, 133 S.Ct. at 825.
[64] *Scarborough v. Principi*, 541 U.S. 401 (2004).
[65] *Scarborough*, 541 U.S. at 402.

The third case, *Kontrick v. Ryan*,[66] is inapposite because the rule at issue was merely a court prescribed rule, rather than a jurisdictional requirement set forth by Congress in a statute. The Court in *Kontrick* made clear that "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction", and that "'[i]t is axiomatic' that [court prescribed] rules 'do not create or withdraw federal jurisdiction.'"

Thus, unlike the present case, the question of whether Congress intended the rule to be jurisdictional wasn't even reached, because Congress didn't even prescribe the rule in the first place.

The fourth case, *Honda v. Clark*,[67] concerned a statutory requirement that "[w]ithin sixty days after the date of mailing of such schedule, any claimant considering himself aggrieved may file in the United States District Court for the District of Columbia a complaint for review of such schedule, naming the Custodian as defendant."[68]

To begin, it is worth noting that as with the statute at issue in *Henderson*, this statutory language set forth a requirement for a party wishing to appeal, rather than language specifying a limit on the jurisdiction of an adjudicatory entity to whom the appeal is directed.

---

[66] *Kontrick v. Ryan*, 540 U.S. 443 (2004).
[67] *Honda v. Clark*, 386 U.S. 484 (1967).
[68] 50 U.S.C. App. § 34(f).

Additionally, as with *Henderson*, the relevant factors that led to the Court's conclusion in *Honda* are inapplicable here.

In *Honda*, the Court was faced with the issue of whether tolling should be available for the 60-day deadline for filing a complaint. In working through the question, the Court analogized the issue to a bankruptcy case where it had previously found that "a creditor whose claim was not proved within the statutory period established for creditors in bankruptcy could nevertheless participate in a composition in bankruptcy" as "[n]o reason [could be] suggested why Congress should have wished to bar creditors from participation in the benefits of a composition merely because their claims were not proved within a year of the adjudication" because "[f]ailure to prove within the year does not harm the bankrupt."[69]

In *Honda*, the Court indicated that "[t]hese factors can be applied to the present case with equal force" and analogously queried "[w]hat purpose does the strict 60-day limitation serve, except as a method of expediting the distribution of vested assets to creditors," when in fact "no other creditors are here objecting, for none exist."[70] Thus, as there were no creditors who would be harmed by equitable tolling, the *Honda* Court found it "much more consistent with the overall

[69] *Honda*, 386 U.S. at 497.
[70] *Honda*, 386 U.S. at 498.

congressional purpose to apply a traditional equitable tolling principle, aptly suited to the particular facts of this case and nowhere eschewed by Congress, to preserve petitioners' cause of action."[71]

This reasoning is inapposite to the issue at hand presently, however, where there was a clear congressional purpose in limiting the PTO's jurisdiction to institute inter partes review if a petitioner was served with a complaint more than one year prior to filing a petition, and allowance of equitable tolling of the timeliness requirement could clearly harm a patentee.

Thus, all of these cases are inapposite because unlike the present case, the language of the relevant rule or statute did not provide a clear indication that Congress intended the relevant rule or statute to be jurisdictional, and the factors that led to the conclusions in these cases are not applicable.

**iv. The *Achates* court's claim that "the 315(b) time bar does not impact the Board's authority to invalidate a patent claim—it only bars particular petitioners from challenging the claim"[72] is irrelevant to the question of whether the timeliness requirement is a jurisdictional requirement, because it is well settled that a jurisdictional requirement may only apply to bar consideration of a proceeding brought by some persons but not other persons.**

[71] *Honda*, 386 at 501.
[72] *Achates Reference Publishing, Inc.*, 803 F.3d at 657.

In its opinion, the *Achates* court argued that "the 315(b) time bar does not impact the Board's authority to invalidate a patent claim—it only bars particular petitioners from challenging the claim."[73]

The *Achates* court appears to be suggesting that the timeliness requirement of 35 U.S.C. § 315(b) is not a jurisdictional requirement because it only applies to bar institution for petitions filed by certain persons. However, there exists a readily available example of a requirement that similarly only applies to bar consideration of a proceeding brought by certain persons, and that has been clearly indicated to be a core jurisdictional requirement. This is the example of standing.

The Supreme Court has made clear that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies," and that "[t]he concept of standing is part of this limitation."[74]

It will be appreciated that it is a very common occurrence that a first person may have standing to bring a suit while a second person may lack standing to bring the same suit. As noted above, however, there is no question that standing is indeed a limitation on federal court jurisdiction.[75]

[73] *Achates Reference Publishing, Inc.*, 803 F.3d at 657.
[74] *Simon v. Eastern Kentucky Welf. Rights. Org.*, 426 U.S. 26, 37 (1976).
[75] See also *Common Cause of PA v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) ("Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims and they must be dismissed.")

Thus, while standing represents a jurisdictional requirement that only applies to bar consideration of a proceeding brought by certain persons, this does not make it any less of a jurisdictional requirement.

Analogously, while the timeliness requirement of 35 U.S.C. § 315(b) represents a requirement that only applies to bar consideration of a proceeding brought by certain petitioners, this does not make it any less of a jurisdictional requirement.

### C. Because the PTO's determination that a petitioner satisfied the timeliness requirement represents a jurisdictional determination underlying the PTO's authority to institute inter partes review, and because "the propriety of a challenge by judicial proceedings of the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers, has been recognized,"[76] a challenge by judicial proceedings should be available for a patent owner to challenge this determination.

As noted above, in accord with *Crowell*, even if Congress has properly vested decision making authority in the form of inter partes review proceedings in the PTO, "a challenge by judicial proceedings" should be available for "the determinations of fact deemed to be jurisdictional, as underlying the authority of [an] executive officer[]" at the PTO to institute inter partes review.[77] Because the PTO's determination that a petitioner satisfied the timeliness requirement represents a jurisdictional determination underlying the PTO's authority to institute

[76] *Crowell*, 285 U.S. at 58.
[77] *Crowell*, 285 U.S. at 58.

inter partes review, a challenge by judicial proceedings should be available for a patent owner to challenge this determination.

Just as in *Crowell*, this serves to "deny[] finality to [PTO] conclusions as to the jurisdictional facts upon which the valid application of the statute depends."[78]

## II. 35 U.S.C. § 314(d) should not be interpreted to bar a patent owner from challenging a PTO determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) because 35 U.S.C. § 314(d) should not be interpreted in a manner that would bar a challenge by judicial proceedings for a question of the constitutional authority of the PTO to institute inter partes review.

### A. The question of whether the PTO's determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) was correct is a question of whether the PTO has acted outside the scope of its statutorily granted authority, which is a question of the constitutional authority of the PTO to institute inter partes review.

In *Crowell*, the Supreme Court characterized the question of whether the deputy commissioner "acted in a case to which the statute is inapplicable" as a question "of the constitutional authority of the deputy commissioner as an administrative agency,"[79] because if he acted in a case in which the statute was inapplicable, then he acted outside of any authority granted by Congress.

Analogously, here, the question in the instant case is not whether the PTO has acted improperly or arbitrarily, but whether it has acted in a case to which the

[78] *Crowell*, 285 U.S. at 63.
[79] *Crowell*, 285 U.S. at 63-64.

statute is inapplicable, which is question of the constitutional authority of the PTO as an administrative agency.

### B. If possible, 35 U.S.C. 314(d) should be construed in a manner that it does not bar a challenge by judicial proceedings regarding a question of the constitutional authority of the PTO to institute inter partes review.

In *Crowell*, the Court noted that "[w]hen the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided,"[80] and based on this arrived at a construction of the relevant statute that served to "sustain[] the determinations of fact of the deputy commissioner where he acts within his authority … while denying finality to his conclusions as to the jurisdictional facts upon which the valid application of the statute depends."[81]

Similarly, here, to avoid a construction where it is not possible to challenge by judicial proceedings "whether [the PTO] has acted in a case to which the statute is inapplicable", which is question of "the constitutional authority of the [PTO] as an administrative agency", an interpretation should be adopted which "sustain[s] the determinations of fact of the [Director] where he acts within his authority …

[80] *Crowell*, 285 U.S. at 62.
[81] *Crowell*, 285 U.S. at 63.

while denying finality to his conclusions as to the jurisdictional facts upon which the valid application of the statute depends."[82]

Thus, a proper interpretation should allow a patent owner to challenge by judicial proceedings a PTO determination that a petitioner has satisfied the timeliness requirement of 35 U.S.C. § 315(b) governing the filing of petitions for inter partes review.

As will now be discussed hereinbelow, such an interpretation is not only possible, but is in fact reinforced by the plain language of the statute.

**C. 35 U.S.C. § 314(d) is amenable to a construction which would not bar a patent owner from challenging a PTO determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b).**

**i. A challenge by judicial proceedings of whether a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) does not represent an appeal of the Director's determination to institute inter partes review, but rather a challenge to the Director's authority to institute inter partes review.**

35 U.S.C. § 314(d) sets forth that "[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."

Notably, however, a challenge by judicial proceedings of whether a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) does not

---

[82] *Crowell*, 285 U.S. at 62-64.

represent an appeal of the Director's determination to institute inter partes review. Instead, it represents a challenge to the Director's authority to institute inter partes review, and in particular a challenge to a factual determination underlying the Director's authority to institute inter partes review.

In *Crowell*, the Court noted that "[t]he question in the instant case is not whether the deputy commissioner has acted improperly or arbitrarily …, but whether he has acted in a case to which the statute is inapplicable."[83]

Similarly, here, although 35 U.S.C. § 314(d) may bar review of "[t]he question [] [of] whether the [Director] has acted improperly or arbitrarily," it should not be interpreted to bar review of "whether he has acted in a case to which the statute is inapplicable."[84]

Importantly, the Director's determination whether to institute inter partes review is different from the PTO's factual determination, or factual conclusion, that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b). While 35 U.S.C. § 314(d) sets forth that it bars review of the Director's determination to institute inter partes review, it says nothing about barring review of "conclusions as to the jurisdictional facts upon which the valid application of the statute depends."[85] The PTO's conclusion that a petitioner satisfied the timeliness

[83] *Crowell*, 285 U.S. at 63.
[84] *Crowell*, 285 U.S. at 63.
[85] *Crowell*, 285 U.S. at 63.

requirement is a conclusion as to a jurisdictional fact upon which the valid application of the statute depends.

Just as in *Crowell*, although a Director's determination to institute inter partes review may be final and non-appealable, a challenge by judicial proceedings is still appropriate to "deny[] finality to [PTO] conclusions as to the jurisdictional facts upon which the valid application of the statute depends."[86]

ii. **An interpretation in which 35 U.S.C. § 314(d) does not bar a challenge by judicial proceedings of the PTO's conclusion that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) is reinforced by the plain language of 35 U.S.C. § 314(d) itself.**

Moreover, such an interpretation is in accord with the plain language of 35 U.S.C. § 314(d) itself, which only sets forth that "[t]he determination by the Director whether to institute an inter partes review <u>under this section</u> shall be final and nonappealable."[87]

As noted above, the Director's determination whether to institute inter partes review is different from the factual conclusion that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b).

While 35 U.S.C. § 314(d) sets forth that determinations "under this section" shall be final and nonappealable, the PTO's factual conclusion that a petitioner

---

[86] *Crowell*, 285 U.S. at 63.
[87] 35 U.S.C. § 314(d) (emphasis added).

satisfied the timeliness requirement is a determination under a different section, namely 35 U.S.C. § 315.

Thus, an interpretation in which 35 U.S.C. § 314(d) does not bar a challenge by judicial proceedings of the PTO's conclusion as to a jurisdictional fact underlying the Director's authority to institute inter partes review is reinforced by the plain language of 35 U.S.C. § 315(b) itself.

Just like in *Crowell*, a proper interpretation of the statute can serve to "sustain[] the determinations of fact of the [Director] where he acts within his authority … while denying finality to his conclusions as to the jurisdictional facts upon which the valid application of the statute depends."[88]

## III. Even if 35 U.S.C. § 314(d) was to be interpreted to bar a challenge by judicial proceedings of the PTO's conclusion that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b), the exception set forth in *Leedom v. Kyne*[89] would still permit a challenge to "strike down an [institution by the PTO] made in excess of its delegated powers and contrary to a specific prohibition in the [statute]."[90]

In *Crowell*, in order to avoid a construction in which the relevant statute barred a challenge regarding the constitutional authority of an executive officer, the Supreme Court interpreted the relevant statute to allow for a "challenge by

[88] *Crowell*, 285 U.S. at 63.
[89] *Leedom v. Kyne*, 358 U.S. 184 (1958).
[90] *Leedom*, 358 U.S. at 188.

judicial proceedings of the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers."[91]

As noted above, here, similarly, a proper interpretation of the statute can serve to "sustain[] the determinations of fact of the [Director] where he acts within his authority … while denying finality to his conclusions as to the jurisdictional facts upon which the valid application of the statute depends."[92]

Notably, however, even if it was decided that such an interpretation is not possible, a challenge by judicial proceedings would still be available under the exception set forth in *Leedom v. Kyne*[93] "to strike down an [institution by the PTO] made in excess of its delegated powers and contrary to a specific prohibition in the [relevant statute]."[94]

In its opinion, the *Achates* court suggests that the exception of *Leedom* is not applicable because "statutory interpretation disputes fall outside this exception for ultra vires agency action and '[o]nly the egregious error melds the agency's decision into justicability.'"[95]

---

[91] *Crowell*, 285 U.S. at 58.
[92] *Crowell*, 285 U.S. at 63.
[93] 358 U.S. 184 (1958).
[94] *Leedom*, 358 U.S. at 188.
[95] *Achates Reference Publishing, Inc.*, 803 F.3d at 658.

As to the *Achates* court's first comment, that "statutory interpretation disputes fall outside this exception,"[96] it is clear that a dispute over a jurisdictional fact underlying the authority of an executive officer to act is not a statutory interpretation dispute. Thus, even if statutory interpretation disputes fall outside this exception, a challenge by judicial proceedings must still be available to "deny[] finality to [PTO] conclusions as to the jurisdictional facts upon which the valid application of the statute depends."[97]

It is further worth noting that although this brief has argued that 35 U.S.C. § 314(d) should be construed in a manner that it does not bar a challenge by judicial proceedings of the PTO's determination regarding the timeliness requirement, any statutory interpretation question regarding whether 35 U.S.C. § 314(d) bars review is a secondary issue that is completely irrelevant to the exception under *Leedom*, which specifically applies in situations in which a statute does bar judicial review.

As to the *Achates* court's second comment that "[o]nly the egregious error melds [an] agency's decision into justicability,"[98] this represents dicta from a subsequent lower court decision that does not serve to narrow the exception in *Leedom*, but instead only characterizes it. There exist a large number of these subsequent lower court decisions that characterize the holding of *Leedom*. Some

---

[96] *Achates Reference Publishing, Inc.*, 803 F.3d at 658.
[97] *Crowell*, 285 U.S. at 63.
[98] *Achates Reference Publishing, Inc.*, 803 F.3d at 658.

of these characterizations on their face are open to interpretations that seem broader than the actual scope articulated in *Leedom*, while others on their face are open to interpretations that seem narrower, but in general these characterizations from lower courts don't actually change the scope of the exception set forth in *Leedom*.

In *Leedom*, the Supreme Court made clear that a challenge by judicial proceedings was available even in the face of a statute that precluded judicial review because "[t]his suit is not one to 'review,' in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction[,] [r]ather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act."[99]

Here, if the PTO institutes inter partes review in contravention of the timeliness requirement, this would clearly be in excess of its delegated powers, as discussed hereinabove, and further would clearly be contrary to the specific prohibition of the timeliness requirement.

Thus, in accord with *Leedom*, even though 35 U.S.C. § 314(d) bars judicial review of the PTO's institution decision, a challenge by judicial proceedings is still available to challenge a PTO determination that a petitioner satisfied the timeliness requirement where it represents a suit to strike down an institution of inter partes

[99] *Leedom*, 358 U.S. at 188.

review by the PTO made in excess of its delegated powers and contrary to a specific prohibition in the relevant statute.

## IV. Focus on the term "jurisdictional" risks distracting from the issue of whether a challenge by judicial proceedings should be available to challenge whether the PTO acted outside of its statutory authority.

Lastly, it is worth nothing that although a large portion of this brief focuses on articulating why the timeliness requirement is a jurisdictional requirement, focus on the term "jurisdictional" risks distracting from the underlying issue of whether a challenge by judicial proceedings should be available to challenge whether an executive branch officer has acted outside of his or her statutory authority.

For example, *Crowell* can be read without any focus on the term jurisdiction as holding that even when Congress properly vests decision making authority in executive officers that lack the attributes of Article III courts, there should be available "a challenge by judicial proceedings of the determinations of fact … underlying the authority of executive officers."[100]

As argued hereinabove, the timeliness requirement clearly underlies the authority of the PTO to institute inter partes review, and thus a challenge by judicial proceedings should be available to challenge a PTO determination that a petitioner satisfied the timeliness requirement. The rest of the argument doesn't

[100] *Crowell*, 285 U.S. at 58.

depend on the jurisdictional label either, as it is the question of whether the PTO has acted outside of its statutory authority that presents a question of “the constitutional authority of the [PTO] as an administrative agency” to institute inter partes review.[101]

## CONCLUSION

For the reasons discussed hereinabove, a patent owner should be able to challenge by judicial proceedings the PTO’s determination that a petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) governing the filing of petitions for inter partes review.

Dated: February 2, 2017

Respectfully submitted,

Jeremy Cooper Doerre
jdoerre@ti-law.com
704-248-4883
11325 N. Community House Rd.
Suite 250
Charlotte, NC 28277

[101] *Crowell*, 285 U.S. at 64.

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Circuit Rule 32(a) and Federal Rule of Appellate Procedure 29(a)(5).

   The brief contains 6999 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

   The brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman Size 14.

Dated: February 2, 2017

Jeremy Doerre

Jeremy Cooper Doerre
jdoerre@ti-law.com
704-248-4883
11325 N. Community House Rd.
Suite 250
Charlotte, NC 28277

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing document using the Court's CM/ECF Filing System on February 2, 2017. All counsel of record were served via EM/ECF on February 2, 2017.

Dated: February 2, 2017

Jeremy Cooper Doerre
jdoerre@ti-law.com
704-248-4883
11325 N. Community House Rd.
Suite 250
Charlotte, NC 28277