Appeal Nos. 2015-1944, -1945, -1946

# United States Court of Appeals

*for the*

# Federal Circuit

WI-FI ONE, LLC,

*Appellant,*

– v. –

BROADCOM CORPORATION,

*Appellee,*

MICHELLE K. LEE, Director, U.S. Patent and Trademark Office,

*Intervenor.*

APPEAL FROM THE U.S. PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD IN NOS IPR2013-00601, IPR2013-00602 AND IPR2016-00636

## *AMICUS CURIAE* BRIEF OF THE NEW YORK INTELLECTUAL PROPERTY LAW ASSOCIATION IN SUPPORT OF NEITHER PARTY

WALTER E. HANLEY, JR.
*President*, NYIPLA
KSENIA TAKHISTOVA
ANDREWS KURTH KENYON
One Broadway
New York, New York 10004
(212) 425-7200

ROBERT M. ISACKSON
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(212) 307-5500

EUGENE M. GELERNTER
IRENA ROYZMAN
*Co-Chair, Committee On Amicus Briefs*
JASON VITULLO
PATTERSON BELKNAP WEBB
    & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

ROBERT J. RANDO
THE RANDO LAW FIRM P.C.
6800 Jericho Turnpike, Suite 120W
Syosset, New York 11791
(516) 799-9800

*Attorneys for Amicus Curiae*
*New York Intellectual Property Lawyers Association*

# CERTIFICATE OF INTEREST

Pursuant to Fed. Cir. R. 29 and 47.4, counsel for *amicus curiae* New York Intellectual Property Law Association certifies the following:

1.    The full name of the parties I represent:  New York Intellectual Property Law Association

2.    The name of the real parties in interest I represent:  New York Intellectual Property Law Association

3.    All parent corporations and any publicly held companies that own 10 percent of more of the stock of the parties I represent:  N/A

4.    The names of all law firms and the partners or associates that appeared for the party now represented by me who appeared in the trial court or are expected to appear in this Court:

ANDREWS KURTH KENYON:  Walter E. Hanley, Jr., Ksenia Takhistova

PATTERSON BELKNAP WEBB & TYLER LLP:  Eugene M. Gelernter, Irena Royzman, Jason Vitullo

VENABLE LLP:  Robert M. Isackson

THE RANDO LAW FIRM P.C.:  Robert J. Rando

Dated:  February 17, 2017

*/s/ Eugene M. Gelernter*
Eugene M. Gelernter

i

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................ iii

INTEREST OF *AMICUS CURIAE*.........................................................1

SUMMARY OF ARGUMENT ...............................................................2

ARGUMENT ..........................................................................5

I.    Judicial Review Is Available If the PTO Exceeds Its Statutory Authority and Jurisdiction.................................................................5

II.   The Time-Bar in § 315(b) Is an Explicit Limitation on the PTO's Authority and Jurisdiction .........................................................7

III.  Strong Presumption in Favor of Review Compels Judicial Enforcement of the Time-Bar in § 315(b).........................................................9

      A.    § 315(b) Violations Are Not Immune from Judicial Review................9

      B.    *Cuozzo*'s Treatment of a "Mine-Run" Claim Does Not Apply to the Explicit Statutory Limitation in § 315(b).....................................11

IV.   This Court Should Overrule *Achates*............................................12

CONCLUSION ........................................................................14

# TABLE OF AUTHORITIES

<u>Pages</u>

**Cases**

*Abbott Labs. v. Gardner*,
387 U.S. 136 (1967)........................................................................................6

*Achates Reference Publ., Inc. v. Apple Inc.*,
803 F.3d 652 (Fed. Cir. 2015) ...............................................................*passim*

*Bd. of Governors, FRS v. MCorp Financial, Inc.*,
502 U.S. 32 (1991)..........................................................................................6

*Bowen v. Academy of Family Physicians*,
476 U.S. 667 (1986)..............................................................................13, 14

*Cuozzo Speed Technologies LLC v. Lee*,
136 S. Ct. 2131 (June 20, 2016) ............................................................*passim*

*In re Cuozzo Speed Techs., LLC*,
793 F.3d 1268 (Fed. Cir. 2015) .................................................................12

*Dunlop v. Bachowski*,
421 U.S. 560 (1975)........................................................................................6

*Haitian Refugee Center v. Illinois Council on Long Term Care*,
498 U.S. 479 (1991)........................................................................................5

*Intellectual Ventures II LLC v. JPMorgan Chase & Co.*,
781 F.3d 1372 (Fed Cir. 2015) .....................................................................8

*Kucana v. Holder*,
558 U.S. 233 (2010).......................................................................................5

*Mach Mining, LLC v. EEOC*,
135 S. Ct. 1645 (2015)........................................................................4, 5, 14

*Versata Dev. Group, Inc. v. SAP Am., Inc.*,
793 F.3d 1306 (Fed. Cir. 2015) ...................................................................6

**Statutes**

5 U.S.C. § 706..................................................................................................7

35 U.S.C. § 311(b) ......................................................................................2, 12

35 U.S.C. § 314(a) ..................................................................................8, 10, 11

35 U.S.C. § 314(d) ...........................................................................................10

35 U.S.C. § 315(b) ...................................................................................*passim*

35 U.S.C. § 318(a) .............................................................................................8

35 U.S.C. § 319 ........................................................................................4, 6, 7

America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) .....................*passim*

**Other Authorities**

37 C.F.R. § 42.3 ................................................................................................8

Office Patent Practice Guide, 37 CFR Part 42, 77 Fed. Reg. Vol. 77,
    No. 157 (Aug. 14, 2012) ............................................................................3

33 CFR Part 117, 81 Fed. Reg. 18750, Vol. 81, No. 63 (April 1, 2016)..................9

Stephen G. Breyer et al., ADMINISTRATIVE LAW AND REGULATORY
    POLICY 777 (6th ed. 2006) .........................................................................5

**INTEREST OF *AMICUS CURIAE***

The New York Intellectual Property Law Association ("NYIPLA") is a bar association of over 1,100 attorneys who practice in the area of patent, copyright, trademark and other intellectual property ("IP") law.[1]  It is one of the largest regional IP bar associations in the United States.  Its members include in-house counsel for businesses and other organizations, and attorneys in private practice who represent both IP owners and their adversaries (many of whom are also IP owners).  Its members represent inventors, entrepreneurs, businesses, universities, and industry and trade associations.  They regularly participate in patent litigation on behalf of both plaintiffs and defendants.

The NYIPLA's members also regularly represent parties—including both petitioners and patent owners—in inter partes review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO").  The NYIPLA thus brings an informed perspective to the issues presented.

Because of the widespread use of IPRs, and the importance of such proceedings to patent owners and validity challengers alike, the NYIPLA's

---

[1] No party's counsel authored any part of this brief.  No party, party's counsel or other person besides the NYIPLA contributed money to fund the preparation or submission of this brief.

members and their clients have a strong interest in the issues presented in this case.[2]

## SUMMARY OF ARGUMENT

In the America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) (AIA), Congress imposed certain explicit limits on the PTO's authority to institute and decide IPR proceedings.  For example, Congress limited the grounds for challenging claims to "ground[s] that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications."  35 U.S.C. § 311(b).  Congress also imposed a time limit on the PTO's ability to institute an IPR under certain circumstances, by providing that "[a]n inter partes review *may not be instituted* if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent."  35 U.S.C. § 315(b) (emphasis added).  Congress thus barred institution of an IPR

---

[2] The arguments made in this brief were approved by an absolute majority of NYIPLA's officers and members of its Board of Directors, but do not necessarily reflect the views of a majority of the members of the Association, or of the law or corporate firms with which those members are associated. After reasonable investigation, the NYIPLA believes that no officer or director or member of the Amicus Briefs Committee who voted in favor of filing this brief, nor any attorney associated with any such officer, director or committee member in any law or corporate firm, represents a party to this litigation. Some officers, directors, committee members or associated attorneys may represent entities, including other *amici curiae*, which have an interest in other matters that may be affected by the outcome of this litigation.

when a petitioner or related party waits too long to file a petition after litigation in district court has ensued. In enacting these provisions, Congress balanced the availability of IPR proceedings with the need to provide adequate protections for patent owners and to ensure the integrity of proceedings before the PTO and in other forums.[3]

Judicial review is essential to enforcing these statutory limits on the PTO's authority over IPR proceedings, and thereby maintaining the balance and efficiency Congress intended. The Supreme Court recognized this in *Cuozzo Speed Technologies LLC v. Lee*, 136 S. Ct. 2131 (June 20, 2016). While the Supreme Court held that judicial review was not available for the particular challenge that Cuozzo raised (a "mine-run" claim that the petition for an IPR was not sufficiently particularized), the Supreme Court made clear that action by the PTO "outside its statutory limits" or "in excess of statutory jurisdiction" "may be properly reviewable" in an appeal from a final decision in an IPR. *Id.* at 2141–42. Violation of the timeliness requirement in § 315(b)—which was not before the Court in *Cuozzo*—is such an issue. Under *Cuozzo*, and in view of the "'strong

---

[3] *See*, *e.g.*, Office Patent Trial Practice Guide, 37 CFR Part 42, 77 Fed. Reg. 48756, Vol. 77, No. 157 at 48759 (Aug. 14, 2012) (the real party-in interest and privies "statutory estoppel provisions … seek[] to protect patent owners from harassment via successive petitions by the same or related parties, to prevent parties from having a 'second bite at the apple,' and to protect the integrity of both the USPTO and Federal Courts by assuring that all issues are promptly raised and vetted").

3

presumption' in favor of judicial review," *id.* at 2140 (quoting *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645 (2015)), PTO decisions that disregard or violate the statutory time-bar of § 315(b) are not immune from judicial review.

Unlike the particular challenge presented in *Cuozzo*, the statutory time-bar at issue here is not "some minor statutory technicality." *Cuozzo*, 136 S. Ct. at 2140. It is part of the fundamental statutory basis on which Congress authorized the PTO to institute an IPR proceeding. If the PTO institutes an IPR based on a time-barred petition, it "act[s] outside its statutory limits" and "in excess of statutory jurisdiction," *id*. at 2141–42, and the entire proceeding, including the final decision, is *ultra vires*. Such conduct "may be properly reviewable" in an appeal from a final decision under § 319. *Id*. at 2142.

In *Achates Reference Publishing, Inc. v. Apple Inc.*, 803 F.3d 652 (Fed. Cir. 2015), a decision that pre-dated *Cuozzo*, this Court held that challenges to the timeliness requirement of § 315(b) are not reviewable on appeal of a final decision. That holding is at odds with the Supreme Court's subsequent decision in *Cuozzo* and "the 'strong presumption' in favor of judicial review." *Cuozzo*, 136 S. Ct. at 2140 (quoting *Mach Mining*, 135 S. Ct. 1645). *Achates* gives the PTO carte blanche to disregard the § 315(b) time-bar and effectively read it out of the statute, notwithstanding that § 315(b) imposes an explicit limitation on the authority, and jurisdiction, of the PTO. If a petition is time-barred, then under

4

§ 315(b) the PTO "*may not*" institute an IPR.  To the extent the PTO nevertheless institutes and conducts an IPR in violation of its statutory authority, judicial review of such *ultra vires* conduct is available.  *Cuozzo*, 136 S. Ct. at 2141–42.

This Court should overrule *Achates* and should hold that challenges by the patent owner based on the time-bar in § 315(b) are properly reviewable in final decision appeals.[4]

### ARGUMENT

**I.      Judicial Review Is Available If the PTO Exceeds Its Statutory Authority and Jurisdiction**

The Supreme Court has repeatedly recognized that there is a "'strong presumption' in favor of judicial review [of administrative action]."  *Cuozzo*, 136 S. Ct. at 2140 (quoting *Mach Mining*, 135 S. Ct. at 1650–51); *see also Kucana v. Holder*, 558 U.S. 233, 251–52 (2010); *McNary v. Haitian Refugee Center*, 498 U.S. 479, 498–99 (1991); Stephen G. Breyer et al., ADMINISTRATIVE LAW AND REGULATORY POLICY 777 (6th ed. 2006) ("[C]ourts start with a 'presumption of reviewability,' which means that they will interpret the asserted preclusive effect of such statutes narrowly.").

---

[4] While the NYIPLA urges the Court to hold that judicial review is available for challenges to the PTO's application of § 315(b), it does not take a position on the merits of the particular time-bar violation alleged by the Appellant in this matter.

The "strong presumption" in favor of reviewability is not easily overcome. "[O]nly upon a showing of 'clear and convincing evidence' of a contrary legislative intent should courts restrict access to judicial review." *Dunlop v. Bachowski*, 421 U.S. 560, 567 (1975) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)); *see also Bd. of Governors, FRS v. MCorp Financial, Inc.*, 502 U.S. 32, 44 (1991). This Court has recognized and applied this strong presumption. *See, e.g., Versata Dev. Group, Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1320 (Fed. Cir. 2015).

The Supreme Court reaffirmed these principles in *Cuozzo*. Although it held that the particular "mine-run" challenge to the "particularity" of a petition presented in that case was not reviewable, it emphasized that its holding did not preclude judicial review of other challenges to the institution of IPRs. To the contrary, the Supreme Court explained that to the extent the PTO "act[s] outside its statutory limits" in instituting IPR or engages in conduct that is "in excess of statutory jurisdiction," such "'shenanigans' may be properly reviewable in the context of § 319 and under the Administrative Procedure Act." *Cuozzo*, 136 S. Ct. at 2141–42.

First, as to § 319, the PTO has authority to render a final decision in an IPR only to the extent it acts within the scope of authority granted by Congress. If the PTO institutes an IPR in excess of its statutory authority, that defect

6

permeates the entire proceeding—including the final decision.  Section 319, which governs appeals from a final decision, does not limit the issues that may be raised in such an appeal.  *See* 35 U.S.C. § 319.  Indeed, one reason the patent owner may be "dissatisfied with the final written decision" of the PTO, *id.*, is that the PTO exceeded its authority in instituting the review and thus also in rendering a final decision in an *ultra vires* proceeding.

Second, the Administrative Procedure Act ("APA") explicitly directs reviewing courts to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."  5 U.S.C. § 706.  Among other things, the APA empowers courts to "hold unlawful and set aside agency action" that is found to be "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  *Id.* § 706(2)(C).

Consistent with these provisions, the Supreme Court's holding in *Cuozzo*, and the longstanding presumption in favor of judicial review, this Court has authority to review whether the PTO instituted and decided an IPR in excess of its limited statutory authority and jurisdiction.

**II.     The Time-Bar in § 315(b) Is an Explicit Limitation on the PTO's Authority and Jurisdiction**

Section 315(b) of the AIA is an express limitation on the PTO's authority and sets out specific circumstances under which the PTO may not

institute an IPR.  Specifically, it provides that an IPR "*may not be instituted*" by the PTO if the petition at issue is filed "more than 1 year after the date on which the petitioner, real party or interest, or privy of the petitioner is served with a complaint alleging infringement of the patent."  35 U.S.C. § 315(b) (emphasis added).

This statutory proscription is specifically directed to the PTO—the entity that "may not" institute an IPR under such circumstances—and limits the PTO's jurisdiction over IPRs.  *See Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, 781 F.3d 1372, 1376 (Fed Cir. 2015).  Put otherwise, if the petition for review is time-barred, the PTO lacks jurisdiction to determine "whether" (or not) to institute review pursuant to § 314(a), since § 315(b) instructs that the PTO "**may not**" do so—irrespective of the perceived substantive merits of the petition.

The PTO's own regulations recognize the "jurisdictional" nature of the § 315(b) time-bar:  the section titled "Jurisdiction" provides in part that "[a] petition to institute a trial [*e.g.*, an IPR] *must be filed with the Board consistent with any time period required by statute*." 37 C.F.R. § 42.3 (emphasis added).

If the PTO nevertheless institutes an IPR on a time-barred petition, that institution and everything that follows—including the final decision—is devoid of statutory authority.  Section 318 of the AIA, which governs the PTO's authority to render a final written decision, requires first that "an inter partes

8

review [be] instituted and not dismissed under this chapter." 35 U.S.C. § 318(a).

Since an "inter partes review *may not be instituted*" on a time-barred petition

(§ 315(b)), the PTO likewise lacks authority to render a final decision following

from such a petition.[5]

The PTO's failure to abide by the § 315(b) time-bar or other express

limitations on its authority and jurisdiction to conduct and decide IPR proceedings

falls squarely within the category of conduct that the Supreme Court held properly

reviewable in *Cuozzo*. *See* 136 S. Ct. at 2142.

**III.  Strong Presumption in Favor of Review Compels Judicial Enforcement of the Time-Bar in § 315(b)**

**A.    § 315(b) Violations Are Not Immune from Judicial Review**

Nothing in the statutory text or structure of the AIA suggests that

Congress intended to exempt the PTO's timeliness determination—an explicit

statutory limitation on the PTO's authority to initiate and conduct IPR

proceedings—from judicial review.  To the contrary, the explicit and plain

language of the AIA demonstrates Congress's intent to provide a strict prohibition:

stating that, if the petition is untimely, "[a]n inter partes review *may not be*

---

[5] Moreover, the PTO's own regulations and practices explicitly reflect that issues tied to the timeliness of a petition can be raised—and trigger the dismissal of an IPR—even after institution.  *See* 33 CFR Part 117, 81 Fed. Reg. 18750, Vol. 81, No. 63, at 18759 (Apr. 1, 2016) ("[T]to balance efficiency with fairness, the Office, in general, will permit a patent owner to raise a challenge regarding a real party in-interest or privity at any time during a trial proceeding.").

*instituted.*" 35 U.S.C. § 315(b) (emphasis added).  Absent judicial review, this strict prohibition would be toothless.

The "No Appeal" provision in § 314(d) does not compel a different result.  Section 314(d) provides that the *"determination by the Director whether to institute an inter partes review* under this section shall be final and *nonappealable*." 35 U.S.C. § 314(d) (emphasis added).  The "determination" in § 314(d) refers to subpart (a) of that section, which provides that "[t]he Director may not authorize an inter partes review to be instituted unless the Director *determines* that the information presented in the petition … and any response … shows that there is a *reasonable likelihood that the petitioner would prevail* …." *Id*. § 314(a) (emphasis added).

This provision does not provide any evidence—let alone "clear and convincing" evidence—that Congress intended to preclude review of statutory limitations elsewhere in the AIA that explicitly restrict the PTO's authority to institute IPRs.  If the petition is untimely under § 315(b) or otherwise fails to conform to statutory requirements, then the PTO has no discretion "whether to institute" review:  it "*may not*" do so.  If the PTO nevertheless institutes review, such *ultra vires* conduct is reviewable.  *Cuozzo*, 136 S. Ct. at 2142.

10

**B.**   ***Cuozzo*'s Treatment of a "Mine-Run" Claim Does Not Apply to the Explicit Statutory Limitation in § 315(b)**

In *Cuozzo*, the patent holder claimed that the petition for an IPR was not pleaded "with particularity," in violation of § 312(a)(3).  136 S. Ct. at 2139. Specifically, it argued that the PTO improperly instituted review of certain claims by doing so on the basis of prior art references that were cited in the petition against other related claims, but not *explicitly* linked to the claims at issue.  *Id.* According to the Court, such a "mine-run" challenge to the "particularity" of claims in a petition is "little more than a challenge to the Patent Office's conclusion, under § 314(a), that the 'information presented in the petition' warranted review," *id.* at 2142, and as such, was not appealable.

While the *Cuozzo* majority reasoned that Congress did not intend to have an IPR proceeding disturbed based on "some minor statutory technicality," *id.* at 2140, it cautioned that its decision on the issue before it did not "enable the agency to act outside its statutory limits," *id.* at 2141.

The time-bar in § 315(b) is fundamentally different than the "particularity" challenge that the Supreme Court found to be immune from judicial scrutiny in *Cuozzo*.   The time-bar imposed by § 315(b) is not "some minor statutory technicality":  it is an unambiguous, explicit limitation on the authority and jurisdiction of the PTO to institute IPR proceedings.  The time-bar also bears no relation to the PTO's threshold "determination" under § 314(a) as to whether a

11

petition contains sufficient evidence to warrant review. *Cuozzo*, 136 S. Ct. at 2142.

The time-bar is instead more akin to the proscription in § 311 that a petition may request review "***only*** on a ground that could be raised under section 102 or 103." 35 U.S.C. § 311(b) (emphasis added).[6] According to the Supreme Court, even though § 311 is directed to the contents of the petition to institute review, if the PTO institutes review and thereafter "cancel[s] a patent claim for 'indefiniteness under § 112'"—in direct violation of § 311—such *ultra vires* action may be reviewed. *Cuozzo*, 136 S. Ct. at 2141–42. By the same token, if the PTO institutes an IPR on a petition that is not timely under § 315(b), such action "outside its statutory limits" and "in excess of [its] statutory jurisdiction," *id.*, warrants judicial review.

## IV.    This Court Should Overrule *Achates*

Although the panel in this matter was constrained to follow this Court's earlier precedent in *Achates*, that case is at odds with the Supreme Court's decision in *Cuozzo*, and should be overruled.

*Achates* held that judicial review of PTO action in derogation of the § 315(b) time-bar challenge was foreclosed. It did so relying on the panel decision

---

[6] *See* 35 U.S.C. § 311(b) ("A petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent ***only on a ground that could be raised under section 102 or 103*** and only on the basis of prior art consisting of patents or printed publications.") (emphasis added).

in *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268 (Fed. Cir. 2015), including on its proposition that appellate review is unavailable since a "proper petition *could have been* drafted." *Achates*, 803 F.3d at 657 (emphasis added); *see also id*. at 657 ("[T]he timeliness issue here *could have been avoided* if Apple's petition had been filed a year earlier or … by another party.") (emphasis added).

But the Supreme Court declined to adopt that counterfactual rationale in *Cuozzo*. Instead, it precluded judicial review on far narrower grounds based on the "mine-run" challenge to the *actual* petition in that case, *see supra* Part III.B. The Court also emphasized that action "outside [the PTO's] statutory limits" and "in excess of statutory jurisdiction" may be "properly reviewable in the context of § 319 and under the Administrative Procedure Act," *Cuozzo*, 136 S. Ct. 2141–42, regardless of whether a proper petition could have *theoretically* been filed.

If the PTO institutes an IPR on a petition filed after § 315(b)'s statutory deadline—notwithstanding Congress's directive that it "may not" do so— then it contravenes its statutory limits and jurisdiction. *Cuozzo*, 136 S. Ct. 2141– 42. Judicial review is available for such conduct under *Cuozzo*. As *Cuozzo* reaffirmed, Congress "intends [an administrative agency] to obey its statutory commands and … expects the courts to grant relief when an executive agency violates such a command." *Bowen v. Academy of Family Physicians*, 476 U.S. 667, 681 (1986).

13

*Achates*' broad restriction on judicial review is inconsistent with the Supreme Court's holding in *Cuozzo*, and contrary to the "'strong presumption' in favor of judicial review." *Cuozzo*, 136 S. Ct. at 2140 (quoting *Mach Mining*, 135 S. Ct. at 1651). It should be overruled.

Indeed, without judicial review, the explicit time-bar that Congress enacted in § 315(b) and other express limitations on the authority of the PTO to conduct IPRs "would be naught but empty words," *Bowen*, 476 U.S. at 672 n.3 (citation omitted), and could be contravened without consequence. *See Mach Mining*, 135 S. Ct. at 1652–53 ("We need only know—and know that Congress knows—that legal lapses and violations occur, and especially so when they have no consequence.").

Judicial review is necessary in order to avoid such violations and maintain the careful balance Congress intended when it enacted the AIA.

## CONCLUSION

For the reasons set forth above, this Court should overrule *Achates* and should hold that on appeal from an IPR final decision, PTO action in derogation of the statutory time-bar of § 315(b) is subject to judicial review.

February 17, 2017

Walter E. Hanley, Jr.
*President*, NYIPLA
Ksenia Takhistova
ANDREWS KURTH KENYON
One Broadway
New York, NY 10004
(212) 425-7200

Robert M. Isackson
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
New York, NY 10020
(212) 503-0691

Eugene M. Gelernter
Irena Royzman
*Co-Chair, Committee on Amicus Briefs*
Jason Vitullo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

Robert J. Rando
THE RANDO LAW FIRM P.C.
6800 Jericho Turnpike
Suit 120W
Syosset, NY 11791
(516) 799-9800

*Attorneys for Amicus Curiae*
*New York Intellectual Property Law Association*

15

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 29(c)(5), I certify that the foregoing

*Amicus Curiae* Brief is 3,388 words in length, according to the word processing

system used in preparing it, excluding those portions exempted by Fed. R. App. P.

32(a)(7)(B)(iii) and Fed. Cir. R. 32(b).

This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has

been prepared in a proportionally spaced typeface using Microsoft Word in 14

point Times New Roman.

Dated:      February 17, 2017

<div style="margin-left:40%;">

*/s/ Eugene M. Gelernter*
Eugene M. Gelernter
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Amicus Curiae New York*
*Intellectual Property Law Association*

</div>

# United States Court of Appeals for the Federal Circuit

## CERTIFICATE OF SERVICE

I, Simone Cintron, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by Counsel for Amicus Curiae Brief of The New York Intellectual Property Law Association to print this document. I am an employee of Counsel Press.

On February 17, 2017, Counsel for Amicus Curiae Brief of The New York Intellectual Property Law Association authorized me to electronically file the foregoing Brief with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

Upon acceptance by the Court of the e-filed document, six paper copies will be filed with the Court, via Federal Express, within the time provided in the Court's rules.

Dated:    February 17, 2017

/s/ Simone Cintron
Simone Cintron