Nos. 2015-1944, -1945, -1946

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

WI-FI ONE, LLC,

Appellant,

v.

BROADCOM CORPORATION,

Appellee,

MICHELLE K. LEE, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,

Intervenor.

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in Nos. IPR2013-00601, IPR2013-00602, and IPR2013-00636

# BRIEF OF *AMICI CURIAE* ORACLE CORPORATION AND ORACLE OTC SUBISIDIARY LLC IN SUPPORT OF APPELLEE'S POSITION

Mark D. Fowler
James M. Heintz
Stanley J. Panikowski
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303
650.833.2000

*Attorneys for Amici Curiae*
*Oracle Corporation and*
*Oracle OTC Subsidiary LLC*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Wi-Fi One, LLC v. Broadcom Corporation

Case No. 2015-1944, -1945, -1946

## CERTIFICATE OF INTEREST

Counsel for the:
☐ (petitioner) ☐ (appellant) ☐ (respondent) ☐ (appellee) ☒ (amicus) ☐ (name of party)

Oracle Corporation and Oracle OTC Subsidiary LLC

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| Oracle Corporation | None | None |
| Oracle OTC Subsidiary LLC | None | Oracle Corporation |
| | | |
| | | |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

None

March 27, 2017
Date

/s/ Stanley J. Panikowski
Signature of counsel

Please Note: All questions must be answered

Stanley J. Panikowski
Printed name of counsel

cc: All counsel of record

Reset Fields

# TABLE OF CONTENTS

**Page**

INTEREST OF *AMICI CURIAE* ........................................................................1

I. UNDER *CUOZZO*, § 314(D) BARS CHALLENGES TO THE PATENT OFFICE'S MERE APPLICATION AND INTERPRETATION OF § 315(B)..................................................................2

II. THE SUPREME COURT'S REASONING IN *CUOZZO* UNDERSCORES WHY § 314(D) BARS CHALLENGES TO THE MERE APPLICATION AND INTERPRETATION OF § 315(B) ...............6

III. THE COLLOQUY BETWEEN THE MAJORITY AND THE DISSENT IN *CUOZZO* CONFIRMS THAT § 314(D) BARS CHALLENGES TO THE MERE APPLICATION AND INTERPRETATION OF § 315(B)................................................................10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Achates Reference Publishing, Inc. v. Apple Inc.*,
803 F.3d 652 (Fed. Cir. 2015) ....................5, 10

*Cuozzo Speed Technologies, LLC v. Lee*,
579 U. S. ___, 136 S. Ct. 2131 (2016)....................passim

**STATUTES**

35 U.S.C. § 102 ....................5

35 U.S.C. § 103 ....................5

35 U.S.C. § 112 ....................10

35 U.S.C. § 311 ....................6

35 U.S.C. § 312 ....................3, 8

35 U.S.C. § 312(a) ....................6

35 U.S.C. § 314(a) ....................3, 4, 6

35 U.S.C. § 314(d) ....................passim

35 U.S.C. § 315(b) ....................passim

35 U.S.C. § 317(a) ....................8

35 U.S.C. § 319 ....................5

## INTEREST OF *AMICI CURIAE*

Oracle Corporation and Oracle OTC Subsidiary LLC (collectively, "Oracle") are two of the appellees and IPR petitioners in Federal Circuit Appeal No. 15-1242, *Click-to-Call Technologies, LP v. Oracle Corporation, et al.* The *Click-to-Call* appeal involves the legal question of appellate jurisdiction on which this Court granted *en banc* review in the *Wi-Fi One* appeal. The underlying issues relating to the Patent Office's application and interpretation of 35 U.S.C. § 315(b) in *Click-to-Call* differ from the underlying § 315(b) issues in *Wi-Fi One*. Oracle does not address these underlying issues here with respect to either *Click-to-Call* or *Wi-Fi One*. This brief instead addresses only the common jurisdictional question of the extent to which 35 U.S.C. § 314(d), as the Supreme Court interpreted it in *Cuozzo*, bars appellate review of the Patent Office's application and interpretation of § 315(b). Oracle has addressed this question more fully in an August 19, 2016 supplemental brief that this Court invited before its November 17, 2016 decision dismissing Click-to-Call's appeal for lack of jurisdiction. *See Click-to-Call Technologies, LP v. Oracle Corporation, et al.*, No. 15-1242, Docket Nos. 79 (supplemental brief), 89 (non-precedential per curiam opinion), 90 (errata to opinion). Oracle files this brief for the more limited purpose of addressing several reasons why the attempt to exclude § 315(b) from the reach of § 314(d) cannot be squared with the Supreme Court's decision in *Cuozzo*.

No counsel for a party to the *Wi-Fi One* appeal authored this brief in whole or in part, and no party's counsel made a monetary contribution intended to fund the preparation or submission of this brief. No person other than the *amici curiae* or their counsel made a monetary contribution to the preparation or submission of this brief. Oracle files this brief in accordance with this Court's January 4, 2017 order stating that *amicus* briefs may be filed in this appeal without consent and leave of the Court.

## I. UNDER *CUOZZO*, § 314(D) BARS CHALLENGES TO THE PATENT OFFICE'S MERE APPLICATION AND INTERPRETATION OF § 315(B)

In *Cuozzo*, the Supreme Court held that 35 U.S.C. § 314(d) "preclud[es] review of the Patent Office's institution decisions" at least "where the grounds for attacking the decision to institute *inter partes* review consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate *inter partes* review." *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131, 2141 (2016). Section 315(b) prescribes a limitations period relating solely "to the Patent Office's decision to initiate *inter partes* review." Accordingly, when the grounds for attacking the decision to institute *inter partes* review consist of nothing more than "questions that are closely tied to the application and interpretation of" § 315(b), *Cuozzo* means that the decision is "final and nonappealable" under § 314(d).

A linchpin of Wi-Fi One's contrary view is its incorrect characterization of *Cuozzo*'s holding. Wi-Fi One argues that *Cuozzo* limits the scope of § 314(d) to only those components of the institution decision that can be characterized as applications of § 314(a). *See* Wi-Fi One's Supplemental *En Banc* Brief at 41 (arguing that "*Cuozzo* extended this preclusion [from appellate review] outside of §314 (to the §312 'particularity' requirement for petitions) only because the Court found that 'Cuozzo's claim that Garmin's petition was not pleaded "with particularity" under §312 is little more than a challenge to the Patent Office's conclusion, under §314(a), that the "information presented in the petition" warranted review'") (citing *Cuozzo*, 136 S. Ct. at 2142). The statements that Wi-Fi One quotes from *Cuozzo*, representing just a portion of the Court's reasoning, illustrate the Court's view that Cuozzo's claim was an especially clear case of an appeal barred by § 314(d). But the Supreme Court in *Cuozzo* did not limit its holding to literal and *de facto* § 314(a) claims.

Rather, as noted above, the holding of *Cuozzo* is that § 314(d) "preclud[es] review of the Patent Office's institution decisions" at least "where the grounds for attacking the decision to institute *inter partes* review consist of questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate *inter partes* review." *Cuozzo*, 136 S. Ct. at 2141; *see also id.* at 2142 (stating that "where a patent holder grounds its claim in a statute

closely related to that decision to institute *inter partes* review, § 314(d) bars judicial review"). Section 314(a) is only one component of the decision whether to institute IPR. Section 315(b), of course, is another. If the Supreme Court had meant to say that § 314(d) bars judicial review *only* where a patent holder's challenge can be characterized as a challenge to the § 314(a) component of the Patent Office's institution decision, the Court easily could have, and presumably would have, said so. But it did not.

Recognizing the breadth of § 314(d)'s language and respecting the entirety of Congress's statutory design, the Court instead prescribed an inquiry where appellate jurisdiction is lacking at least in situations where the answers to the following two questions are "yes." First, is the challenge to the institution decision based on a statute "related to the Patent Office's decision to initiate *inter partes* review"? *Cuozzo*, 136 S. Ct. at 2141. Second, is the challenge grounded in one or more "questions that are closely tied to the application and interpretation of" that statute? *Id.*

Challenges to the Patent Office's mere application and interpretation of § 315(b) pass both prongs of this test and thus come within the "final and nonappealable" bar of § 314(d). Section 315(b) provides that "[a]n *inter partes* review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of

the petitioner is served with a complaint alleging infringement of the patent." Accordingly, not only is § 315(b) one of the "statutes related to the Patent Office's decision to initiate *inter partes* review," it relates *solely* to "the Patent Office's decision to initiate *inter partes* review," *Cuozzo*, 136 S. Ct. at 2141. Section 315(b) does not relate to any other subject, such as what the U.S. Constitution requires as due process for the entire IPR proceeding or whether the Patent Office's ultimate decision to invalidate a patent rests on a substantive ground (*i.e.*, § 102 or § 103) on which the Patent Office is authorized to invalidate a patent in IPR. The Supreme Court in *Cuozzo* took pains to leave undecided whether there could be appellate review of the latter types of questions—which reach far beyond the propriety of the institution decision—on appeal from a final written decision under 35 U.S.C. § 319. 136 S. Ct. at 2141-42. By contrast, the Court recognized that "where a patent holder grounds its claim in a statute closely related to that *decision to institute inter partes* review, § 314(d) bars judicial review." *Cuozzo*, 136 S. Ct. at 2142 (emphasis added). Accordingly, while the precise analytical path may differ, *Cuozzo* ultimately compels the same conclusion that this Court reached in *Achates* about the final and nonappealable nature of the Patent Office's mere application and interpretation of § 315(b).

Finally, *Cuozzo* also proves that the manner in which § 315(b) is phrased is no obstacle to its coverage by § 314(d). Section 315(b) cannot be placed outside

§ 314(d) based on the theory that § 315(b) is framed as a limitation on the Patent Office's ability to institute review: "An *inter partes* review may not be instituted if . . . ." If this phrasing could render Patent Office decisions applying and interpreting § 315(b) appealable, then the Supreme Court could not have reached the decision it did in *Cuozzo*. That is because § 312(a)—the statute that the Court held subject to § 314(d) in *Cuozzo*—is framed in the same way: "A petition filed under section 311 may be considered only if . . . ."

In sum, while the Supreme Court in *Cuozzo* may not have expressly decided whether § 314(d) covers § 315(b), it did not limit § 314(d) to statutes that can be shoehorned into the § 314(a) component of the institution decision. Rather, *Cuozzo* affirmed the broad scope of § 314(d) and articulated a test for deciding whether a statute falls within its ambit. Section 315(b) easily satisfies this test: it is a "statute[] related to the Patent Office's decision to initiate *inter partes* review," so § 314(d) permits no appeal with respect to "questions that are closely tied to the application and interpretation of [that] statute[]," *Cuozzo*, 136 S. Ct. at 2141.

## II. THE SUPREME COURT'S REASONING IN *CUOZZO* UNDERSCORES WHY § 314(D) BARS CHALLENGES TO THE MERE APPLICATION AND INTERPRETATION OF § 315(B)

Even apart from its holding, the reasoning of *Cuozzo* illustrates why claims grounded in the mere application and interpretation of § 315(b) fall within § 314(d)'s ambit. The Supreme Court in *Cuozzo* gave five reasons for interpreting

§ 314(d) as precluding jurisdiction over Cuozzo's appeal: (1) statutory text, (2) statutory context, (3) role alongside the Administrative Procedure Act ("APA"), (4) prior interpretation of similar patent statutes, and (5) legislative purpose. *See Cuozzo*, 136 S. Ct. at 2139-41. Each of those five reasons yields the same interpretation of § 314(d)'s "final and nonappealable" language with respect to the Patent Office's application and interpretation of § 315(b).

First, the Court held that "Cuozzo's contention that the Patent Office unlawfully initiated its agency review is not appealable" because "[f]or one thing, that is what § 314(d) says." *Cuozzo*, 136 S. Ct. at 2139. Likewise here, a claim grounded in the Patent Office's mere application and interpretation of § 315(b) is a "contention that the Patent Office unlawfully initiated its agency review," *id.* The statutory language thus plainly applies here: "It states that the 'determination by the [Patent Office] whether to institute an *inter partes* review under this section shall be *final and nonappealable*.'" *Id.* (quoting 35 U.S.C. § 314(d)) (alteration and emphasis in original).

Second, the Court noted that "the legal dispute at issue is an ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute *inter partes* review." *Id.* In *Cuozzo*, the dispute concerned the application and interpretation of the particularity requirement of 35 U.S.C. § 312. *Cuozzo*, 136 S. Ct. at 2139. A dispute concerning the Patent

Office's application and interpretation of § 315(b)'s one-year limitations period is likewise "an ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute *inter partes* review," *id.* As with Cuozzo's § 312 challenge, "the 'No Appeal' provision's language must, at the least, forbid an appeal that attacks a 'determination . . . whether to institute' review by raising this kind of legal question and little more." *Cuozzo*, 136 S. Ct. at 2139 (quoting 35 U.S.C. § 314(d)).

Third, the Court reasoned that the APA's pre-existing limitation of judicial review to final agency decisions buttressed its rejection of the view that § 314(d) served only to restrict *interlocutory* appeals of institution decisions. *Cuozzo*, 136 S. Ct. at 2140. That rationale applies equally to § 315(b) challenges where the appeal comes after a final written decision, but the complaint is merely that the Patent Office should not have instituted review.

Fourth, the Court invoked Congress's purpose in establishing IPR to "giv[e] the Patent Office significant power to revisit and revise earlier patent grants." *Id.* at 2139-40. The Court explained: "We doubt that Congress would have granted the Patent Office this authority, including, for example, the ability to continue proceedings even after the original petitioner settles and drops out, §317(a), if it had thought that the agency's final decision could be unwound under some minor statutory technicality related to its preliminary decision to institute *inter partes*

review." *Cuozzo*, 136 S. Ct. at 2140. This purpose applies equally to the § 315(b) component of the Patent Office's decision to institute review.

Fifth, the Court noted that "the existence of similar provisions in this, and related, patent statutes reinforces our conclusion." *Cuozzo*, 136 S. Ct. at 2140. The use of the words "final and nonappealable" in such statutes likewise reinforces the conclusion that "final and nonappealable" in § 314(d) means what it says for claims grounded in the Patent Office's mere application and interpretation of § 315(b).

The Supreme Court punctuated its reasoning with the principle of separation of powers. As the Court explained, "Congress has told the *Patent Office* to determine whether *inter partes* review should proceed, and it has made the agency's decision 'final' and 'nonappealable.'" *Cuozzo*, 136 S. Ct. at 2141 (quoting 35 U.S.C. § 314(d)) (emphasis in original). The Court's "conclusion that courts may not revisit this initial determination gives effect to this statutory command." *Id.* Likewise here, the only way to give effect to § 314(d)'s statutory command is to hold that the Patent Office's institution decision is "final and nonappealable" in the face of a challenge to its application and interpretation of § 315(b).

## III. THE COLLOQUY BETWEEN THE MAJORITY AND THE DISSENT IN *CUOZZO* CONFIRMS THAT § 314(D) BARS CHALLENGES TO THE MERE APPLICATION AND INTERPRETATION OF § 315(B)

The dissent in *Cuozzo* correctly recognized the implications of the Court's decision for the *Achates* jurisdictional question. The dissent recognized that "the petition's timeliness, no less than the particularity of its allegations, is 'closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate . . . review,' and the Court says that such questions are unreviewable." 136 S. Ct. at 2155 (Alito, J., concurring in part and dissenting in part) (quoting *Cuozzo*, 136 S. Ct. at 2141). In its majority opinion, the Court did not dispute the dissent's characterization on this point. Rather, the Court said it would leave open whether there could be judicial review in special circumstances like constitutional challenges and the kinds of "shenanigans" about which the dissent was concerned—such as whether the Patent Office could create a rogue hybrid of post-grant review and *inter partes* review by invalidating a claim for indefiniteness under 35 U.S.C. § 112 even though the PGR deadline had passed and § 112 is not available in IPR. *See Cuozzo*, 136 S. Ct. at 2141-42; *id.* at 2154-55 (Alito, J., concurring in part and dissenting in part).

These potential constitutional and "shenanigans" exceptions to § 314(d) are not for ordinary legal questions concerning whether the Patent Office correctly applied and interpreted the statutes governing the institution of IPR, like § 315(b).

Rather, these exceptions implicate concerns about whether the Patent Office is disregarding limits imposed by the U.S. Constitution or invalidating patents for substantive reasons that Congress has not authorized. If the Court had wished to reassure the dissent that the application and interpretation of § 315(b) categorically fell outside the scope of § 314(d), it easily could have done so. While not alone dispositive, the majority's failure to offer this assurance—when the dissent had expressly raised the issue—further cements what flows naturally from the Court's holding and reasoning: absent extraordinary circumstances like due process violations and Patent Office "shenanigans," § 314(d) applies to statutes like § 315(b) that are closely related to the decision to institute IPR.

Finally, the sky will not fall if this Court recognizes that § 314(d) makes decisions applying and interpreting § 315(b) "final and nonappealable." In addition to the potential constitutional and "shenanigans" exceptions to § 314(d), there is the possibility of mandamus to address any flagrant disregard of statutory requirements that is so clear and indisputable that the Patent Office cannot meaningfully be said to have applied or interpreted the statute at all. There is no need to rewrite § 314(d) as categorically excluding § 315(b) issues to account for such extraordinary circumstances. Here, Congress's clear words have overcome the presumption favoring judicial review of agency action, and a safety valve remains when exigent circumstances demand it. Accordingly, the *en banc* Court

should hold that claims grounded in the Patent Office's mere application and interpretation of § 315(b) fall squarely within § 314(d).

Respectfully submitted,

Dated: March 27, 2017

By: */s/ Stanley J. Panikowski*
Stanley J. Panikowski
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
619.699.2700

*Attorneys for Amici Curiae*
*Oracle Corporation and*
*Oracle OTC Subsidiary LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2017, I electronically filed the foregoing BRIEF OF *AMICI CURIAE* ORACLE CORPORATION AND ORACLE OTC SUBISIDIARY LLC IN SUPPORT OF APPELLEE'S POSITION with the Court's CM/ECF filing system, which constitutes service, pursuant to Fed. R. App. P. 25(c), Fed. Cir. R. 25(a), and the Court's Administrative Order Regarding Electronic Case Filing 6(A) (May 17, 2012).

*/s/ Stanley J. Panikowski*
Stanley J. Panikowski
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
619.699.2700

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). The brief contains 2,698 words, as calculated by the word count of the word processing system used in preparing it, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Fed. Cir. R. 32(b).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). The brief has been prepared in Microsoft Word 2010 in Times New Roman 14 point font.

*/s/ Stanley J. Panikowski*
Stanley J. Panikowski
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
619.699.2700