**Nos. 2015-1944, -1945, -1946**
**(Nos. IPR2013-00601, -00602, -00636)**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

WI–FI ONE, LLC,

Plaintiff-Appellant,

v.

BROADCOM CORPORATION,

Defendant-Appellee.

On Appeal from the United States Patent and Trademark Office
Patent Trial and Appeal Board

## USPTO'S RESPONSE TO WI-FI ONE'S SECOND COMBINED
## PETITION FOR REHEARING AND REHEARING EN BANC

*Of Counsel:*

CHAD A. READLER
  *Acting Assistant Attorney General*

MARK R. FREEMAN
  *Attorney, Appellate Staff*
  *Civil Division, Room 7231*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-4814*

THOMAS W. KRAUSE
  *Deputy Solicitor*

FARHEENA Y. RASHEED
  *Senior Counsel for Patent Law*
  *and Litigation*

BENJAMIN T. HICKMAN
KAKOLI CAPRIHAN
FRANCES M. LYNCH
  *Associate Solicitors*
  *Office of the Solicitor*
  *U.S. Patent and Trademark Office*
  *Mail Stop 8, P.O. Box 1450*
  *Alexandria, VA 22313*

## TABLE OF CONTENTS

STATEMENT OF THE ISSUE ....................................................................... 1

BACKGROUND........................................................................................... 1

ARGUMENT.................................................................................................. 8

    1. Everyone agrees on the legal framework for the privity and real-party-in-interest analysis. ................................................................................. 8

    2. Everyone agrees that the correct standard of review is abuse of discretion. ............................................................................................. 10

CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Garmin Int'l, Inc. v. Cuozzo Speed Techs.*,
  2013 WL 11311697 (PTAB Mar. 5, 2013) ................................................... 4

*Redline Detection, LLC v. Star Envirotech, Inc.*,
  811 F.3d 435 (Fed. Cir. 2015) .................................................................... 11

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) ........................................................................... passim

*Ultratec, Inc. v. CaptionCall, LLC*,
  872 F.3d 1267 (Fed. Cir. 2017) .................................................................. 11

*WesternGeco LLC v. Ion Geophysical Corp.*,
  Appeal No. 2016-2099, Dkt. No. 129 (Jul. 16, 2018) ................................... 9

**Statutes**

5 U.S.C. § 706(2)(A) ..................................................................................... 10

35 U.S.C. § 315(b) ....................................................................................... 2, 9

35 U.S.C. § 316(a)(5)(B) ................................................................................. 4

**Regulations**

37 C.F.R. § 42.51(b) ........................................................................................ 3

37 C.F.R. § 42.51(b)(1) ................................................................................... 4

37 C.F.R. § 42.51(b)(2) ................................................................................... 4

**Other Authorities**

H.R. Rep. No. 112–98 (2011) ......................................................................... 3

*Office Patent Trial Practice Guide*, 77 Fed. Reg. 48,756 (Aug. 14, 2012) ....... passim

## STATEMENT OF THE ISSUE

En banc review is discretionary, disfavored, and granted only to secure or maintain uniformity in the Court's decisions or address a question of exceptional importance. Everyone agrees that *Taylor v. Sturgell*—the basis for the Board's *Patent Trial Practice Guide*—provides the framework for the privity and real-party-in-interest analysis. Everyone also agrees on the standard of review. The dispute concerns case- and record-specific application of law to fact—which is inappropriate for en banc review.

## BACKGROUND

Broadcom filed petitions for IPR of three patents that Wi-Fi One owns after a district-court jury found that Broadcom's customers infringed the patents.[1] The parties have referred to Broadcom's customers as the "D-Link Defendants" in the infringement action.[2] Wi-Fi One's predecessor, Ericsson, filed the infringement action in 2010.[3] Broadcom supplied two chips for the products accused in the infringement litigation.[4] Ericsson, however, elected not to sue Broadcom.[5]

---

[1] Maj. Op. 5.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

In the IPRs, the Board found that Wi-Fi One's patent claims were anticipated and unpatentable.[6] The panel affirmed that finding.[7] Wi-Fi One does not challenge the anticipation finding in its rehearing petition. Rather, Wi-Fi One argues that the Board never should have instituted the IPRs because Broadcom is allegedly time-barred under 35 U.S.C. § 315(b).

Section 315(b) precludes IPR when a petitioner or a petitioner's privy or real party in interest was served with a complaint for infringement of the challenged patent more than one year before the filing of an IPR petition. Wi-Fi One contends that the D-Link Defendants—who are time-barred—are in privity with Broadcom and that Broadcom was the real party in interest in the infringement litigation.

The facts of individual cases drive privity and real-party-in-interest determinations.[8] In its *Patent Trial Practice Guide*, the USPTO refers parties to the Supreme Court's decision in *Taylor v. Sturgell* to illustrate the framework for the privity and real-party-in-interest analysis in IPRs.[9] In *Taylor*, the Supreme Court articulated six nonexclusive factors that courts should consider when assessing privity and real-party-

---

[6] *Id.* at 7.

[7] *Id.* at 2–3.

[8] *Office Patent Trial Practice Guide*, 77 Fed. Reg. 48,756, 48,759 (Aug. 14, 2012).

[9] *Id.*; *see also Taylor v. Sturgell*, 553 U.S. 880 (2008).

in-interest challenges.[10] The Supreme Court noted that the factors are "meant only to provide a framework …, not to establish a definitive taxonomy."[11]

Ericsson limited its arguments before the Board to two theories, both of which *Taylor* addresses: control and the presence of a preexisting substantive legal relationship.[12] Ericsson pinned both theories on the alleged existence of indemnity agreements between Broadcom and the D-Link Defendants. Wi-Fi One alleged that indemnity agreements would show that Broadcom "colluded"; had a "community of interest"; and was "in cahoots" with the D-Link Defendants.[13] Ericsson sought discovery from Broadcom including contracts between Broadcom and the D-Link Defendants; joint-defense agreements; reimbursement invoices; payment records; and correspondence.[14]

Parties to IPRs typically may not obtain that type of discovery as of right without agreement.[15] When the USPTO set up IPR trials, the USPTO followed Congress's directive to complete IPRs quickly and economically.[16] Efficient discovery

---

[10] *Taylor*, 553 U.S. at 893–95 & n.6.

[11] *Id.*

[12] *See id.*; *see also, e.g.*, A50, A98, A146, A258.

[13] *E.g.*, A51, A98, A263.

[14] A77–78.

[15] *See* 37 C.F.R. § 42.51(b).

[16] *See* H.R. Rep. No. 112–98 at 45–48 (2011).

is a major tool for accomplishing those goals. USPTO regulations provide for certain discovery in IPRs as of right, including any exhibit cited in a paper or testimony, and information that is inconsistent with a position that a party advances.[17] For all other discovery, parties must agree to the discovery or seek leave from the Board, which considers whether the additional discovery would be in the "interests of justice."[18] The interest-of-justice standard has roots in the America Invents Act, which contemplates that the Director will prescribe regulations limiting discovery in IPRs to what is "necessary in the interest of justice."[19] The interest-of-justice rule requires that a party seeking additional discovery demonstrate more than a "mere possibility" or "mere allegation that something useful [to the proceeding] will be found."[20]

Here, the time-bar issue arose in a discovery motion and merits briefing before the Board. Ericsson first raised the issue in a motion for additional discovery, which Ericsson filed before the Board instituted review.[21] The Board denied that motion and denied Ericsson's motion to reconsider the denial.[22] After institution, Ericsson

---

[17] 37 C.F.R. § 42.51(b)(1).

[18] *Id.* § 42.51(b)(2).

[19] 35 U.S.C. § 316(a)(5)(B).

[20] *Garmin Int'l, Inc. v. Cuozzo Speed Techs.*, 2013 WL 11311697, at *3 (PTAB Mar. 5, 2013) (precedential).

[21] A44–54.

[22] A75–106.

renewed its arguments in its patent owner's response.[23] The Board rejected Ericsson's arguments again in the final written decision, finding that Ericsson failed to present any reason to modify the Board's decision on the discovery motion.[24] Finally, Ericsson moved the Board to reconsider the final written decision—based solely on the time-bar issue.[25] The Board reaffirmed its prior analysis and decision in its order denying reconsideration.[26]

Throughout its consideration of Ericsson's various filings, the Board concluded that the proposed discovery was unlikely to reveal more than that Broadcom reimbursed the D-Link Defendants for trial expenses and engaged in minor participation in the infringement litigation.[27] The Board concluded that was not enough to justify bogging down the discovery process.[28]

Ericsson contended that the Board failed to address all its arguments and should have considered additional factors from the nonexclusive list in *Taylor*.[29] But the Board observed that it addressed all the arguments that Ericsson presented.[30]

---

[23] A148–150.

[24] A8–9.

[25] A252–267.

[26] A270–279.

[27] *E.g.*, A8–9, A85, A273–275.

[28] *See id.*

[29] *E.g.*, A96–98, A259–262.

[30] A272–275.

The Board observed that it did not narrow the analysis to a subset of the factors discussed in *Taylor*; the Board addressed the only grounds that Ericsson argued.[31]

On appeal to this Court, the panel initially held that the Court lacked jurisdiction to review the Board's time-bar determination.[32] The Court granted en banc review of that issue and held time-bar determinations reviewable.[33] The en banc Court returned the appeal to the panel to evaluate the Board's time-bar determination on the merits.[34]

The panel majority held that the Board did not abuse its discretion when the Board denied the additional discovery.[35] The majority observed that the Board "engaged in a detailed analysis" when the Board concluded that Ericsson failed to show more than a mere possibility that the discovery would yield useful information—a conclusion "consistent with general legal principles, as explained in the PTO's *Office Patent Trial Practice Guide*."[36] "[W]e decline to hold," the majority said,

---

[31] *Id.*

[32] Maj. Op. 2–3.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 9–18.

[36] *Id.* at 16.

"that the Board abused its discretion when it concluded that additional discovery was not warranted in this case."[37]

The majority also held that the Board's merits analysis was supported by substantial evidence.[38] The majority viewed as "conjecture" Wi-Fi One's allegation that Broadcom was serving the D-Link Defendants' interests.[39] The majority also observed that Broadcom had its own interest in challenging the patents because Broadcom manufactures chips that Ericsson had asserted were infringing.[40] The panel also noted that it reviewed confidential evidence that Broadcom submitted to the Board and found that the evidence reinforced the Board's conclusion that Broadcom was not in privity with the D-Link Defendants.[41] The majority responded to Judge Reyna's concern, expressed in dissent, that the Board focused too narrowly on control by noting that control was the primary focus of Wi-Fi One's privity arguments.[42] The majority observed that the Board addressed the arguments that Wi-Fi One actually made.[43]

---

[37] *Id.*

[38] *Id.* at 16–19.

[39] *Id.* at 17.

[40] *Id.*

[41] *Id.* at 18 n.4.

[42] *Id.* at 12–13 n.3.

[43] *Id.*

## ARGUMENT

**1. Everyone agrees on the legal framework for the privity and real-party-in-interest analysis.**

The en banc Court does not need to address the legal framework because there is no dispute about it. The USPTO has explained, in its *Patent Trial Practice Guide*, that the privity and real-party-in-interest analysis is fact-driven.[44] The USPTO has referred parties to *Taylor* as an illustrative framework.[45] The Board applied that framework to the facts here. Wi-Fi One agrees that *Taylor* illustrates the proper framework; so does Broadcom.[46] The panel majority and Judge Reyna in dissent also agree.[47]

The disagreement concerns only whether the Board properly applied the legal framework—a classic case-specific dispute that is inappropriate for en banc review. Wi-Fi One and Judge Reyna believe that the Board effectively applied control as the only factor in a privity and real-party-in-interest analysis. But the Board explained that it "did not characterize the legal standard for all cases … as being limited strictly to a petitioner's control"; the Board acknowledged that additional factors can be salient.[48] The Board explained that its analysis here focused primarily on control "because that

---

[44] 77 Fed. Reg. at 48,759.

[45] *Id.*

[46] *See, e.g.*, Pet. 8, A68.

[47] *See* Maj. Op. 9, Dissenting Op. 7.

[48] A273–274.

was the focus of [Ericsson's] Motion for Additional Discovery."[49] And control played a prominent, if not the most prominent, role in Ericsson's arguments: Ericsson repeatedly alleged that Wi-Fi One "colluded"; had a "community of interest"; and was "in cahoots" with the D-Link Defendants.[50]

Wi-Fi One contends that Ericsson argued additional factors to the Board but that the Board failed to consider them.[51] We cannot find anything in the record pages that Wi-Fi One cites to demonstrate that Ericsson argued anything else. In any event, Wi-Fi One's contention only underscores that its arguments call for case-specific error correction. Its arguments come down to whether the panel majority correctly read the record.

The panel opinion leaves the Court full latitude to review privity and real-party-in-interest determinations in future cases. Neither the panel nor the Board announced any categorical rules. This Court can review privity and real-party-in-interest determinations in future cases by applying precedents such as *Taylor*. Consistent with that view, this Court recently denied a similar rehearing petition that asked the Court to address the privity and real-party-in-interest standard under section 315(b).[52]

---

[49] A273.

[50] *E.g.*, A51, A98, A263.

[51] Pet. 8 (citing Dissenting Op. at 12–13 n.2, A96–98, A194–200, A258–262).

[52] *See WesternGeco LLC v. Ion Geophysical Corp.*, Appeal No. 2016-2099, Dkt. No. 129 (Jul. 16, 2018).

Wi-Fi One argues, on a related point, that the Board failed to provide a written opinion that satisfies due process.[53] As summarized above, however, the Board provided four separate written opinions, which addressed Wi-Fi One's arguments every time Wi-Fi One raised the issue. The Board incorporated its analysis from its institution-stage discovery ruling into the final written decisions.[54] And the Board reaffirmed that it was following the framework explained in the *Patent Trial Practice Guide*, including *Taylor*, in its order denying reconsideration of the final written decision.[55] The Board's reasoning is apparent from the record.

**2. Everyone agrees that the correct standard of review is abuse of discretion.**

Wi-Fi One suggests that the en banc Court should consider the standard of review that should be applied to the Board's denial of additional discovery.[56] But Wi-Fi One acknowledges that the standard is abuse of discretion.[57] That standard comes from the Administrative Procedure Act, which provides that a reviewing court shall, among other things, set aside agency action that is "an abuse of discretion."[58] There is apparently no dispute that the abuse-of-discretion standard of review applies. Wi-Fi

---

[53] Pet. 4–5.

[54] A9.

[55] A273–274.

[56] Pet. 12–16.

[57] *Id.*

[58] 5 U.S.C. § 706(2)(A).

One, in any event, forfeited these arguments because it failed to raise them before the panel.

Wi-Fi One argues that the panel majority somehow applied *Auer* deference because the majority cited two cases, *Ultratec, Inc. v. CaptionCall, LLC*, and *Redline Detection, LLC v. Star Envirotech, Inc.*, when the majority stated that this Court reviews the Board's decisions on discovery motions for an abuse of discretion.[59] But *Ultratec* and *Redline Detection* never cite *Auer*.[60] The panel majority said nothing about *Auer* deference. The majority nowhere relied on any sort of deference to agency interpretations of the law. This appeal has nothing to do with *Auer* deference.

## CONCLUSION

Any disputed issues remaining in this appeal involve case-specific application of law to fact. Wi-Fi One's rehearing petition should be denied.

---

[59] Pet. 6–7, Maj. Op. 15.

[60] *See generally Ultratec, Inc. v. CaptionCall, LLC*, 872 F.3d 1267 (Fed. Cir. 2017); *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435 (Fed. Cir. 2015).

11

Respectfully submitted,

JULY 23, 2018

/s/ Benjamin T. Hickman

*Of Counsel:*

THOMAS W. KRAUSE
  *Deputy Solicitor*

CHAD A. READLER
  *Acting Assistant Attorney General*

FARHEENA Y. RASHEED
  *Senior Counsel for Patent Law
  and Litigation*

MARK R. FREEMAN
  *Attorney, Appellate Staff
  Civil Division, Room 7231
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-4814*

BENJAMIN T. HICKMAN
KAKOLI CAPRIHAN
FRANCES M. LYNCH
  *Associate Solicitors
  Office of the Solicitor
  U.S. Patent and Trademark Office
  Mail Stop 8, P.O. Box 1450
  Alexandria, VA 22313*

## CERTIFICATE OF COMPLIANCE

I certify pursuant to Fed. R. App. P. 32(g) that the foregoing USPTO'S RESPONSE TO WI-FI ONE'S SECOND COMBINED PETITION FOR REHEARING AND REHEARING EN BANC complies with the type-volume limitation required by the Court's rule. The total number of words in the foregoing request is 2,053 words as calculated using the Word® software program.


/s/ Benjamin T. Hickman
Benjamin T. Hickman
Associate Solicitor

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, I electronically filed the foregoing

USPTO'S RESPONSE TO WI-FI ONE'S SECOND COMBINED PETITION

FOR REHEARING AND REHEARING EN BANC with the Court's CM/ECF

filing system, which constitutes service, pursuant to Fed. R. App. P. 25(c) and Fed.

Cir. R. 25(e).


/s/ Benjamin T. Hickman
Benjamin T. Hickman
Associate Solicitor